UNITED STATES of America, Plaintiff,

v.

Lyle H. VAN DYKE; Robert C. Randolph, et al., Defendants.

Civ. No. 83–157–RE.

United States District Court,
D. Oregon.

May 20, 1983.

Charles H. Turner, U.S. Atty., Herbert C. Sundby, Asst. U.S. Atty., Portland, Or., Larry Meuwissen, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for U.S.

Lyle H. Van Dyke, pro se.

Robert L. Randolph, pro se.

Alan S. Bachman, Asst. County Counsel, Hillsboro, Or., for defendant Mason, County Clerk of Washington County.

John B. Leahy, County Counsel, Portland, Or., for defendant Wilcox, County Clerk of Multnomah County.

Michael E. Judd, Asst. County Counsel, Oregon City, Or., for defendant Orr, County Clerk of Clackamas County.

## OPINION

REDDEN, District Judge:

The United States brought this action to deter persons commonly described as "tax protesters" from filing various documents with county clerks. The documents in question are meaningless, void writings designated as "Common Law Liens." The forms upon which some of the liens are drafted are copyrighted to one Gerald Hanson, who delights in filing frivolous lawsuits. *See Hanson v. Goodwin*, 432 F.Supp. 853, 856–858 (D.Wash.1977). The "Common Law Liens" are primitive affairs, basically consisting of captions such as "Common Law Lien on the Property and Hand Signature of the Following Persons," followed by a list of people. There is no explanation of how the "lien" arose, nor a recital of any legal action pending or concluded against the named parties. Tax protestors apparently obtain the names and addresses of employees of the Internal Revenue Service (IRS) and other federal employees, and file these "liens" out of spite against the named individuals.

The so-called "liens" are of course invalid and of no legal force or effect. However, they are used by persons such as Mr. Van Dyke and Mr. Randolph to harass IRS employees and deter them from enforcing the tax laws. The tax protestors, while claiming to act in the interests of freedom and personal liberty, use this weapon to harass private individuals in their private lives, as part of the tax protestors' campaign. *See United States v. Hart*, 545 F.Supp. 470, 473–475 (D.N.D.1982), *aff'd*, 701 F.2d 749 (8th Cir.1983).

The United States brought this action to obtain a declaration to the effect that such "common law liens" are invalid, and that so-called "garnishments" filed at certain banks where the IRS employees have accounts are of no legal effect. The United States also seeks an injunction barring such harassment of federal employees in the future.[1] The case was tried before me on May 12, 1983. I find that the United States is entitled to the relief requested.

---

1. The United States also sought to enjoin the defendant county clerks from filing such documents. The United States withdrew this request in light of an opinion letter issued by the Oregon Attorney General, which concludes that so-called "common law liens" are of no legal effect and may be refused at the clerks' offices. Hence, no relief need be awarded against the county clerks.

822

Specifically I find, based upon the events of the hearing[2] before me, the documents made a part of the record by the government, and my judicial notice of the contents of the file in *Van Dyke v. Moore,* Civ. No. 82–1433 (D.Ore. March 1, 1983), that Van Dyke and Randolph and others in concert with them have embarked upon a campaign of harassment against employees of the IRS and other federal employees. That campaign of harassment takes the form of filing frivolous and nonsensical suits and documents against named employees of the federal government, in order to harass them in their private lives, force them to hire counsel to respond to frivolous lawsuits, cloud title to their real estate with "common law liens," and interfere maliciously and unjustifiably with the rights of these federal employees to hold bank accounts and real property. Van Dyke and Randolph and others have sought to create "hand signature liens," which are supposedly documents which have mystical power to prevent the target individuals from signing letters, checks, deeds, contracts, and the like. The purpose of this campaign is to deter employees of the federal government from enforcing the tax laws against them.

It is clear that the various filings of Van Dyke and Randolph in pursuit of their vengeance against federal personnel are void and of no legal effect. A declaration to this effect shall issue.

I also find that the actions of Van Dyke and Randolph, in filing these lawsuits and documents, impose irreparable harm upon the employees of the federal government with whom these tax protestors quarrel. Titles to real estate have been clouded, banks have been the subject of frivolous attempts at "garnishment," and in general the employees of the federal government have been harassed in their personal lives for doing their jobs. I find that the public interest will be served by an injunction

forbidding this harassment in the future, and such an injunction shall issue. In framing such an injunction I rely upon the power granted to me by 26 U.S.C. § 7402, which authorizes me to make such orders as are necessary for the enforcement of the internal revenue laws. *See United States v. Hart, supra.* I am also mindful of the fact that legitimate political expression must not be foreclosed; only harassment of federal employees in their personal lives. In framing such an injunction I also act under the "rule of necessity," *see Van Dyke v. Moore, supra,* since Van Dyke has purported to sue all the federal judges in this district, as well as all Ninth Circuit judges in Oregon, in an attempt to prevent federal judges from hearing such cases.

## DECLARATION OF RIGHTS

Certain "tax protestors" have attempted to file various documents in county clerk's offices in Oregon and Washington. These documents, "common law liens," "hand signature liens," "common law garnishments," and so on, are null, void, and of no legal effect. They are part of a campaign of certain "tax protestors" to harass federal employees in their personal lives, in retaliation for the fact that those federal employees are attempting to enforce the tax laws of the United States. The Attorney General of the State of Oregon ruled that these purported "liens" are not recognized as valid under state law. These purported liens should not be accepted for filing, but if they are, they may be ignored as null and void.

This Declaration of Rights may be photocopied and filed by any party at any county clerk's office or register of deeds.

## INJUNCTION

Lyle H. Van Dyke and Robert C. Randolph and all those in active concert or participation with them are hereby perma-

**2.** Van Dyke did not appear at the hearing although he was given notice of it. Randolph was present and made various arguments, including an argument that he was not subject to courts convened under Article III of the United States Constitution, only courts convened under Article I. Randolph's motions were without merit. I urged Randolph in the strongest possible terms to seek the assistance of counsel since Randolph did not have the skills to represent himself adequately. Randolph declined to retain counsel.

nently enjoined from filing, or attempting to file, any document or instrument of any description which purports to create a "lien," "common law lien," "hand signature lien," or any other nonconsensual lien against the person or property of any federal employee. Van Dyke and Randolph, and those in concert with them, are also permanently enjoined from filing, serving on any person, or preparing and publicizing in any manner a "garnishment," "common law garnishment," or any papers of similar import, seeking to garnish or interfere with the funds or real or personal property of any employee of the federal government. However, this injunction shall not prevent any person from applying to a state or federal court of competent jurisdiction in order to obtain relief on any non-frivolous legal claim, and this injunction shall not apply to liens lawfully created by any judgments of a court of competent jurisdiction.

Willful violation of this order shall be punished by fine or imprisonment, or both.