Dennis J. RYAN, Plaintiff-Appellant,

v.

Richard M. BILBY, Jon R. Cooper, George Hadad, Joseph Lujan, Donald W. MacPherson, Jeanne K. Mahn, Alfredo C. Marquez, and Raymond T. Terlizzi, Defendants-Appellees.

Nos. 84–1813, 84–2608 and 84–2666.

United States Court of Appeals, Ninth Circuit.

Submitted* June 14, 1985.

Decided July 3, 1985.

3(f) and Fed.R.App.P. 34(a).

Dennis J. Ryan I, Tucson, Ariz., for plaintiff-appellant.

Glenn L. Archer, Jr., Michael L. Paup, Richard W. Perkins, Douglas G. Coulter, Washington, D.C., for defendants-appellees.

Before SNEED and BEEZER, Circuit Judges, and STEPHENS**, District Judge.

** Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

SNEED, Circuit Judge:

This is yet another frivolous appeal brought by a disgruntled taxpayer. The underlying suit stems from Dennis J. Ryan's conviction for failure to file his 1977 and 1978 tax returns, in violation of I.R.C. § 7203 (1982). Because the jury failed to reach a unanimous verdict at Ryan's first trial, the presiding judge—District Judge Richard M. Bilby—declared a mistrial and reset the case for a second trial. At the second trial, the jury found Ryan guilty as charged.

On November 23, 1983, Ryan filed a complaint in district court seeking damages for various alleged civil rights violations. Ryan's suit named Judge Bilby, the prosecutor, Ryan's own attorney, two magistrates involved in Ryan's prosecution, and the IRS agents responsible for investigating Ryan's case as defendants. Ryan alleged that Judge Bilby and the two attorneys conspired to violate his Fifth Amendment immunity from double jeopardy by holding a second trial.[1] His claim against the magistrates and the IRS agents, brought under 42 U.S.C. § 1983 (1982), apparently asserted that the tax laws are unenforceable, a contention which Ryan renews on appeal.

Throughout December 1983, Ryan filed and recorded various common-law liens and writs of attachment on the defendants' property. Judge Bilby and the two magistrates moved the district court to release the liens. The district court granted the defendants' motion and enjoined Ryan from filing similar liens in the future.

The district court then disposed of the case. He dismissed Ryan's claims against the three judicial defendants and the prosecutor under Fed.R.Civ.P. 12(b)(6), finding that each enjoyed absolute immunity from civil suits seeking damages. And he granted summary judgment to the IRS agents, finding that they enjoyed absolute immunity from lawsuits alleging common-law torts and qualified immunity from Ryan's allegations of constitutional torts.[2]

On appeal, Ryan challenges the dismissal of his suit and contests the district court's order releasing his common-law liens. We affirm.

■ First, we reject Ryan's contention that the district court lacked jurisdiction to release his baseless common-law liens and writs of attachment. The district court properly exercised its power under I.R.C. § 7402(a) (1982) to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." We agree with courts in other circuits that section 7402(a) empowers the district court to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes. *See United States v. Ekblad,* 732 F.2d 562, 563 (7th Cir.1984); *United States v. Hart,* 701 F.2d 749, 750 (8th Cir.1983); *see also United States v. Van Dyke,* 568 F.Supp. 820 (D.Or.1983) (enjoining tax protesters from filing common-law liens to harass IRS employees and thereby deter enforcement of the tax laws). We find, therefore, that the district court ruled correctly.

Second, the district court properly dismissed Ryan's claims against the judicial defendants and the prosecutor and properly granted summary judgment to the IRS-agent defendants.

Ryan's primary contention on appeal is that, as Congress has never enacted Title 26 of the United States Code into positive law, the defendants violated his constitutional rights by attempting to enforce it.[3] Thus, he concludes, the district court erred

---

1. Ryan also sought unspecified mandamus relief, apparently directed at the United States Attorney's office, based on the assertion that Judge Bilby illegally tampered with the jury, in violation of 18 U.S.C. § 1504.

2. Ryan's claim against his own attorney was dismissed with prejudice by stipulation.

3. Ryan erroneously relies on 42 U.S.C. § 1983. That statute applies only to actions taken under color of state law. We assume, however, that Ryan's complaint states a *Bivens* action to redress the deprivation of constitutional rights by federal officials. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 390–97, 91 S.Ct. 1999, 2001–05, 29 L.Ed.2d 619 (1971).

by dismissing his suit. This contention is frivolous.

■ Congress's failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable. *See* 1 U.S.C. § 204(a) (1982) (the text of titles not enacted into positive law is only prima facie evidence of the law itself). Like it or not, the Internal Revenue Code is the law, and the defendants did not violate Ryan's rights by enforcing it.

■ Moreover, the district court properly found that all of the defendants were immune from civil suits seeking damages. Both the judicial defendants and the prosecutor are absolutely immune from suit. Judicial officers enjoy absolute immunity from civil damages liability for judicial acts not taken in the clear absence of all jurisdiction.[4] *Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *e.g., United States v. Claiborne*, 727 F.2d 842, 845 (9th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984); *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982). And the prosecutor enjoys an absolute immunity from civil damages liability when he acts in a quasi-judicial capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 810, 83 L.Ed.2d 803 (1985). At no point has Ryan maintained that the magistrates' actions or Judge Bilby's decision to order a second trial were not judicial acts or that the judicial defendants "acted in the 'clear absence of all jurisdiction.'" *Stump,* 435 U.S. at 357, 98 S.Ct. at 1105 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872)); *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369 (9th Cir.1981). Nor can he establish that the prosecutor's actions in securing a conviction were anything but "intimately associated with the judicial phase of the criminal process." *Demery,* 735 F.2d at 1144 (quoting *Imbler,* 424 U.S. at 430, 96 S.Ct. at 995). The district court correctly concluded that all these defendants enjoy absolute judicial immunity.

■ The IRS agents are immune as well. To the extent Ryan's complaint alleges common-law torts, the agents are absolutely immune. *See Owyhee Grazing Association v. Field*, 637 F.2d 694, 697 (9th Cir.1981) ("[A] federal official cannot be held personally liable in tort for 'acts committed within the outer perimeter of his line of duty.'") (quoting *Clifton v. Cox*, 549 F.2d 722, 726 (9th Cir.1977)); *Miller v. DeLaune*, 602 F.2d 198, 200 (9th Cir.1979) (same). And the agents are immune from liability for constitutional torts "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *accord, e.g., Capoeman v. Reed,* 754 F.2d 1512, 1514 (9th Cir.1985). Ryan's sole contention in the face of the district court's finding that the agents' conduct satisfied the *Harlow* standard, *see* Clerk's Record 73, at 4, is that the agents violated his constitutional rights by enforcing the tax code. Ryan makes only "bare allegations of malice" which the Supreme Court intended district courts to dispose of by summary judgment. *See Harlow,* 457 U.S. at 817–18, 102 S.Ct. at 2738. The district court properly did so here.

■ We have discretion to impose sanctions for frivolous appeals. Fed.R.App.P. 38; 28 U.S.C. § 1912 (1982); *e.g., Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir. 1984). However heartfelt, we find Ryan's contentions on appeal utterly without mer-

4. Judicial immunity is not limited to judges. All those who perform judge-like functions are immune from civil damages liability. *Richardson v. Koshiba*, 693 F.2d 911, 913 (9th Cir.1982). Because the role of a magistrate is "functionally comparable" to that of a judge, magistrates enjoy immunity as well. *Cf. Butz v. Economou,* 438 U.S. 478, 511–14, 98 S.Ct. 2894, 2913–14, 57 L.Ed.2d 895 (1978) (extending judicial immunity to administrative law judges and hearing examiners employed by the executive branch); *Sellars v. Procunier,* 641 F.2d 1295, 1301–04 (9th Cir.) (parole board officials), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981).

it. Even though Ryan appears pro se, we award double costs to the appellees.

AFFIRMED.