Frank A. ENGLAND, III,
Plaintiff-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Defendant-Appellee.

No. 85–2071.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1986.

Decided Aug. 20, 1986.

Frank A. England, III, in pro per.

Michael L. Paup, Richard W. Perkins, Murray S. Horwitz, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before SCHROEDER, CANBY and BOOCHEVER, Circuit Judges.

CANBY, Circuit Judge:

As a result of federal income tax returns filed by appellant Frank A. England III, the Internal Revenue Service (IRS) classified him as a "tax protester." England sued the IRS under the Privacy Act of 1974, 5 U.S.C. § 552a, seeking to have the words "tax protester" removed from IRS records pertaining to him. The district court dismissed the action on the ground that 26 U.S.C. § 7852(e) deprived the court of subject matter jurisdiction. We affirm.

The Privacy Act requires each agency that maintains a system of records to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination...." 5 U.S.C. § 552a(e)(5).[1] Agencies are prohibited from maintaining records "describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity...." 5 U.S.C. § 552a(e)(7).

The Privacy Act permits an individual to review agency records that contain information pertaining to that individual. 5 U.S.C. § 552a(d)(1). In addition, the individual is permitted to request amendment of a record that pertains to him, 5 U.S.C. § 552a(d)(2), and the agency is required promptly either to "make any correction of any portion thereof which the individual believes is not accurate, relevant, timely or complete," 5 U.S.C. § 552a(d)(2)(B)(i), or to inform the individual of its refusal to amend the record and the reason for the refusal, 5 U.S.C. § 552a(d)(2)(B)(ii). The individual who disagrees with the refusal of the agency to amend its records is permitted to seek review of that decision. 5 U.S.C. § 552a(d)(3). If the reviewing official refuses to amend the record, the individual may file with the agency a statement setting forth the reasons for his disagreement with the agency's decision, 5 U.S.C. § 552a(d)(3), and he may bring a civil action in the United States district court against the agency, 5 U.S.C. § 552a(g)(1)(A).

Congress has, however, limited the applicability of the Privacy Act's remedial provisions with regard to records maintained by the IRS.

Privacy Act of 1974.—The provisions of subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfei-

---

1. The requirements of accuracy, completeness, timeliness and relevancy are directed both toward the authorized needs of the agency and toward the need for agency decisions that are fair to the individual. *See Zeller v. United States*, 467 F.Supp. 487, 502 (E.D.N.Y.1979); Sen.Rep. No. 93–1183, *reprinted in* [1974] U.S. Code Cong. & Ad.News 6916, 6965.

ture, or other imposition or offense to which the provisions of [Title 26] apply. 26 U.S.C. § 7852(e). One of the subsections of the Privacy Act that cannot be applied to records falling within 26 U.S.C. § 7852(e) is subsection (g), which confers upon the district courts jurisdiction over the civil remedies provided by the Privacy Act. The district court, therefore, is without jurisdiction over a civil action by an individual who seeks to amend a record determining actual or possible tax liability. *See Love v. Commissioner*, 80–2 U.S.T.C. ¶ 9520 (N.D.Ga.1980); *Hudgins v. Commissioner*, 84–2 U.S.T.C. ¶ 9854 (D.D.C.1984), *aff'd*, (D.C.Cir.1985); *Green v. Commissioner*, 556 F.Supp. 79, 86 (N.D.Ind.1982), *aff'd*, 734 F.2d 18 (7th Cir.1984).

■ The records that England seeks to have amended were generated by the IRS in the course of processing his tax returns and determining his tax liability. During the initial processing of England's returns, it was determined that the returns met the criteria of the "Tax Protester Program;" i.e., from the face of the returns it was determined that England had employed "one or more illegal schemes that affect the payment of taxes." II Audit, CCH Internal · Revenue Manual § 4293.11(1). The IRS defines tax protester schemes to include schemes that protest the payment of taxes on constitutional grounds that have been held by courts to be without merit, as well as schemes involving family estate trusts, alleged churches, foreign trust organizations and other sham transactions designed to reduce the individual's tax liability illegally. *See* II Audit, CCH Internal Revenue Manual § 4293.14. If the IRS determines that an individual's return meets the criteria of an illegal tax

protester return, his IRS record is flagged "tax protester" and his subsequent returns are automatically screened for continued reliance on such illegal schemes to avoid payment of taxes. II Audit, CCH Internal Revenue Manual § 4293.16(10). Thus, documents flagging England's record as that of a "tax protester" have a direct relationship to the determination of an his tax liability and fall within the scope of 26 U.S.C. § 7852(e). The district court therefore properly concluded that it lacked jurisdiction over England's 5 U.S.C. § 552a(d) claim.

■ England also argues that the flagged records violate 5 U.S.C. § 552a(e)(7) because they constitute a record of the exercise of his first amendment rights. We disagree, because the records relate only to the determination of tax liability, not to how England has exercised his first amendment rights. They are therefore exempted from Privacy Act suits by 26 U.S.C. § 7852(e).[2] The records here are not a surveillance report, newsletter or press release, *see Clarkson v. Commissioner*, 678 F.2d 1368, 1372 (11th Cir.1982), nor a videotape, *see Albright v. United States*, 631 F.2d 915 (D.C.Cir.1980); they are internally generated reports relating to the filing of facially illegal returns. This is not a case of labelling one as a "tax protestor" because of speeches or writings in the absence of filing such returns. Consequently, the congressional concern behind subsection 552a(e)(7), to prevent " 'collection of protected information not immediately needed, about law-abiding Americans, on the off-chance that Government or the particular agency might possibly have to deal with them in the future,' " is not implicated here. *Clarkson*, 678 F.2d at 1375

---

**2.** Even if England were able to establish that the records in question concerned his exercise of his first amendment rights, he would have to contend with the exception in § 552a(e)(7) which allows an agency to maintain records relating to an investigation with respect to the exercise of first amendment rights if the investigation is relevant to an authorized criminal investigation or to an authorized intelligence or administrative investigation. *Jabara v. Webster*, 691 F.2d 272, 280 (6th Cir.1982), *cert. denied*,

464 U.S. 863, 104 S.Ct. 193, 78 L.Ed.2d 170 (1983); *see also Clarkson v. Commissioner*, 678 F.2d 1368, 1374 n. 10 (11th Cir.1982). The objective of this exception is " 'to make certain that political and religious activities are not used as the cover for illegal or subversive activities.' " *Clarkson*, 678 F.2d at 1374 (quoting 120 Cong. Rec. H10,892 (daily ed. November 20, 1974)). In view of our decision, we need not rule on the interpretation or effect of this exception.

(quoting S.Rep. No. 1183, 93rd Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News 6916, 6971)). England, therefore, failed to state a claim under 5 U.S.C. § 552(e)(7).

The judgment of the district court is **AFFIRMED.**