972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James P. JACQUES, Gloria Jacques, Plaintiffs-Appellants,
v.
INTERNAL REVENUE SERVICE, et al., Defendants-Appellees.
 No. 91-15992.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James and Gloria Jacques appeal pro se the district court's dismissal of their claim pursuant to Fed.R.Civ.P. 12(b)(1) and (6). In their complaint, the Jacques allege that the Internal Revenue Service ("IRS") attempted to levy their property without first sending them a notice of deficiency and assessments pursuant to 26 U.S.C. §§ 6212, 6214. The Jacques seek damages and injunctive relief against the IRS and a number of its employees. The district court dismissed the complaint, finding that the suit was barred by sovereign immunity, the Anti-Injunction Act, and qualified immunity. We have jurisdiction pursuant to 26 U.S.C. § 1291.[1] We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm in part, reverse in part, and remand.
 
 
 3
 * Jurisdiction
 
 
 4
 The United States, as sovereign, may not be sued without its consent, and the terms of consent define the court's jurisdiction to hear the suit. United States v. Testan, 424 U.S. 392, 399 (1976). Thus, no suit may be maintained against the United States unless it is brought in compliance with a specific statute under which the United States has consented to suit. Id. A suit against IRS employees in their official capacity is essentially a suit against the United States and is barred by sovereign immunity absent statutory consent. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985).
 
 
 5
 The Anti-Injunction Act ("Act") prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." Id. The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984); see also Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974). Thus, ordinarily taxpayers are limited in district court "to suits for refund." United States v. Condo, 782 F.2d 1502, 1506 (9th Cir.1986).
 
 
 6
 There are, however, several statutory exceptions and a judicial exception to the Act. See 26 U.S.C. §§ 7421(a), 6212(a), (c), 6213(a), 6672(b), 6694(c), 7426(a), (b)(1), 7429(b); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). A statutory exception to the Act is available if the IRS assesses a deficiency before a notice of deficiency is sent to the taxpayer. 26 U.S.C. § 6212(a) & (c); Elias v. Connett, 908 F.2d 521, 523 (9th Cir.1990).
 
 
 7
 Here, the district court correctly dismissed claims for monetary damages against the United States and the Commissioner of Internal Revenue because these claims are barred by sovereign immunity. See Testan, 424 U.S. at 399; Gilbert, 756 F.2d at 1458.
 
 
 8
 The district court erred, however, in dismissing Jacques's claims for injunctive relief. In their complaint, the Jacques's alleged that the IRS failed to send them a notice of deficiency, assessments, or any demands for payment prior to attempting to collect the tax deficiencies.
 
 
 9
 Treating the allegations in their complaint as true, as we must for purposes of Rule 12(b(6) dismissal, the Jacques complaint states a claim for relief under the statutory exception to the Act. See 26 U.S.C. §§ 7421, 6212(a), (c); Elias, 908 F.2d at 523. Accordingly, we reverse the district court's dismissal of Jacques's claims for injunctive relief against the IRS. See Elias, 908 F.2d at 523.
 
 II
 Bivens Action
 
 10
 The Jacques raise Bivens claim against certain IRS employees alleging that the employees "knew of should have known" that they were violating the Jacques's constitutional rights under the fourth, fifth and ninth amendments. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).
 
 
 11
 In Wages v. Internal Revenue Service, we stated that the alternative remedies provided by Congress prohibited a Bivens action for damages arising from the collection of taxes. 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 111 S.Ct. 986 (1991) Accordingly, the district court correctly dismissed the Jacques's Bivens claim. See id. Moreover, as the district court noted, the IRS employees here were entitled to qualified immunity in their collection attempts. See Fry v. Melarango, 939 F.2d 832, 838 (9th Cir.1991).
 
 III
 Other Claims
 
 12
 The Jacques also contend that the district court erred when it (1) ruled that the Jacques were prohibited under 26 U.S.C. § 7852(e) from obtaining information that the IRS had collected on them, and (2) dismissed their delegation of authority and positive law arguments as meritless.
 
 
 13
 First, under the Privacy Act, 5 U.S.C. § 552a, federal agencies must provide an individual access to, and an opportunity to correct the files on that individual. If an agency fails to comply with the Privacy Act's requirements, "the individual may bring a civil action against the agency in district court." 5 U.S.C. § 553a(g). Congress, however, has imposed limits on the ability of an individual to demand documents from an agency. Thus, under section 7852(e), the district courts lack jurisdiction over Privacy Act claims when the records sought concern the individual's actual or possible tax liability. See England v. Commissioner, 798 F.2d 350, 352 (9th Cir.1986). Thus, the district court correctly denied the taxpayers' motion for the release of documents under the Privacy Act for lack of jurisdiction. See id.
 
 
 14
 Second, the district court correctly dismissed the Jacques's delegation and positive law arguments as meritless. See United States v. Saunders, 951 F.2d 1065, 1067 (9th Cir.1991) ("the Federal Register Act does not mandate the publication of the Treasury Delegation Orders and that, as a consequence, the Government's failure to publish them does not affect the validity of the Secretary's delegation of authority to the Commissioner"); Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir.1985) (finding baseless the contention that the Internal Revenue Code is not enforceable because it has not been enacted into "positive law").
 
 
 15
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The IRS contends that we lack jurisdiction to review the district court's order dismissing the case because the Jacques did not file a timely notice of appeal. Although the Jacques filed their notice of appeal more than 60 days after entry of the order granting the IRS's motion to dismiss, their appeal is nevertheless timely because the district court failed to enter a separate judgment on its order. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989) (time limit for appeal starts running only by the entry of a judgment set forth in a separate document); Fed.R.Civ.P. 58