981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. FORD; Sharon A. Ford, Plaintiffs-Appellants,
v.
UNITED STATES of America, Internal Revenue Service,
Defendant-Appellee.
 No. 91-36319.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 24, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James and Sharon Ford appeal pro se the district court's summary judgment in favor of the United States and the Internal Revenue Service ("IRS") in the Fords' action challenging the assessment and collection of their income taxes for tax year 1983 and for a tax penalty for tax year 1986. We have jurisdiction pursuant to 28 U.S.C. 1291. We affirm.
 
 
 3
 The Fords failed to file a federal income tax return for tax year 1983. Following the government's notice of tax deficiency and the Fords' subsequent nonpayment, the IRS filed a federal tax lien for the liability against all of the Fords' property. It also served a notice of levy on Mr. Ford's employer. The IRS subsequently seized Mr. Ford's wages to satisfy the outstanding tax liability.
 
 
 4
 In 1986, Mr. Ford filed a W-4 in which he claimed he was exempt from tax liability. In response, the IRS sent him a letter stating that it needed more information to assess his exemption claim. After finding that Mr. Ford's explanation was deficient, the IRS assessed a $500 civil penalty against him and filed a tax lien against his property for that amount. The lien was discharged in 1988, apparently because the $500 had been collected through a levy on Mr. Ford's wages.
 
 
 5
 * In the first two counts of their complaint, the Fords seek quiet title pursuant to 28 U.S.C. § 2410 to the money collected by the IRS for tax years 1983 and 1986. The district court dismissed both counts finding that it lacked jurisdiction to consider the Fords' quiet title claim.
 
 
 6
 We review de novo the district court's dismissal for lack of subject matter jurisdiction of a taxpayer's action against the IRS. Elias v. Connet, 908 F.2d 521, 527 (9th Cir.1990). Under the Internal Revenue Code, no suit to recover a tax alleged to have been erroneously or illegally collected shall be maintained until a claim for a refund has been filed. 26 U.S.C. § 7422(a). This provision is jurisdictional and failure to file a proper claim for a refund requires dismissal of the claim. See Yuen v. United States, 825 F.2d 244, 245 (9th Cir.1987). Here, the Fords, through their quite title action, essentially seek a refund for tax years 1983 and 1986. Because it appears, however, that the Fords have not filed a refund claim with the Secretary, the district court was without jurisdiction to hear the Fords' claim for those years. See id.
 
 
 7
 The Fords nevertheless contend that section 2410 gives the district court jurisdiction to hear their claim because they are seeking quiet title to their property rather than a refund. See 28 U.S.C. § 2410. Section 2410 states, in pertinent part: "[t]he United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." id. We have interpreted section 2410 as a limited waiver of the United State's sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991). Under section 2410, however, a taxpayer may not bring an action to quite title to property on which the United States used to have a lien, but now has title. Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992).
 
 
 8
 In their complaint, the Fords seek quiet title to the wages already seized by the IRS. They do not appear to challenge any present or continuing garnishment of Mr. Ford's wages. See Hughes, 953 F.2d at 538 (taxpayers can only use section 2410 to challenge the continued collection of taxes through the garnishment of their wages). Accordingly, the Fords' action seeking the return of funds collected through the levy on Mr. Ford's wages is barred because the government has title to the money already collected. See Hughes, 953 F.2d at 538 (claimants are barred from pursuing claims relating to previously garnished wages because the government has a title interest rather than a lien interest in such wages). Because section 2410 does not provide a waiver of sovereign immunity in this case, the district court properly dismissed the first two counts of the Fords' complaint for lack of jurisdiction. See id.[1]
 
 II
 
 9
 The third count of the Fords' complaint seeks damages pursuant to the Privacy Act, 5 U.S.C. 552(a) for the IRS's alleged dissemination of inaccurate information pertaining to the Fords' tax liability. The district court dismissed this count for lack of jurisdiction.
 
 
 10
 Section 552a(g)(1) provides a civil remedy for an agency's failure to comply with the Privacy Act. Under section 26 U.S.C. § 7852(e), however, the Privacy Act "shall not be applied, directly or indirectly, to the determination of the existence of liability (or the amount therefor) of any person for any tax, penalty, interest, fine, forfeiture." Thus, district courts lack jurisdiction to hear Privacy Act claims regarding tax liability. See England v. Commissioner, 798 F.2d 350, 352 (9th Cir.1986) (district court without jurisdiction over a civil action by individual who seeks to amend a record determining actual or possible tax liability). Here, the Fords contend that the government's determination to make a seizure of their property was based on inaccurate and inconsistent records. Because this contention involves the Fords' tax liability, the district court correctly determined that it lacked jurisdiction to hear the Fords' Privacy Act claim. See id.
 
 III
 
 11
 The Fords also seek access to IRS documents pertaining to their case under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552. They contend that the IRS conducted an insufficient search for documents pertaining to their tax liability and that the IRS knowingly possesses responsive documents which should be disclosed pursuant to the Fords' FOIA request.
 
 
 12
 To prevail in a FOIA suit which alleges an inadequate search, the defendant agency must show that it has conducted a "search reasonably calculated to uncover all relevant documents." Zemansky v. United States, 767 F.2d 569, 571 (9th Cir.1985). The key inquiry, however, is "not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Id. To prove the adequacy of a search, agencies may rely upon declarations from agency officials. Id. at 571-72. Here, the district court properly found that the affidavits submitted by two "disclosure specialists" adequately demonstrated that the IRS made a reasonable search for the requested documents.
 
 
 13
 As to the Fords' contention that the IRS has improperly withheld responsive documents, the IRS submitted evidence that, except for four requested pages, it had released all documents within the jurisdiction of its Seattle branch office. Additionally, the IRS submitted evidence in support of summary judgment showing that the four pages which were withheld fell into one of the categories for which disclosure is prohibited. See 5 U.S.C., § 552(b)(7)(c) (exemption applies to information compiled for law enforcement purposes to the extent that production of the information would be an unwarranted invasion of privacy). The Fords failed to raise a triable issue of fact that any exception applied which would permit disclosure of the documents under FOIA. Accordingly, the district court properly granted summary judgment for the United States on the FOIA claims. See Celotex Corp. v. Cattrett, 477 U.S. 317, 324 (1986).
 
 IV
 
 14
 On appeal, the Fords' also raise several evidentiary challenges to the admissibility of various governmental forms and correspondence. Evidentiary decisions "are viewed for abuse of discretion and will not be reversed absent prejudice." Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir.1988).
 
 
 15
 First, the IRS forms at issue in this case are admissible as self-authenticating public documents under Fed.R.Evid. 902(1) and 803(8). See Hughes v. US, 953 F.2d at 539. Moreover, even had the district court abused its discretion by considering the government's evidentiary material, the Fords have failed to demonstrate prejudice; they have failed to show that the district court's conclusion that it lacked jurisdiction to hear their refund action would have differed had the court found the government's evidence inadmissible.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Fords also contend that the district court had jurisdiction pursuant to the judicial review provision of the Administrative Procedure Act ("APA") 5 U.S.C. § 702. This contention lacks merit. See Hughes, 953 F.2d at 537; Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir.1990) (APA does not create an independent basis for jurisdiction or waive sovereign immunity where the collection of taxes is challenged)