**UNITED STATES of America, Plaintiff,**

v.

**David THOMAS, Defendant.**

Civ. A. No. 93–K–19.

United States District Court,
D. Colorado.

April 30, 1993.

Joel J. Roessner, William F. Colgin, Tax Div., Dept. of Justice, Washington, DC, William G. Pharo, Asst. U.S. Atty., Denver, CO for plaintiff.

David Thomas, Fort Collins, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This case is before me on cross-motions for summary judgment on the government's

**928**

claim for injunctive relief and on its motion to dismiss or for summary judgment on David Thomas' ("Thomas") counterclaim. The government seeks a declaration that three commercial liens Thomas filed against agents of the Internal Revenue Service are null, void, and of no effect. It also asks me to enjoin permanently Thomas from filing further liens and to enter judgment on the counterclaim because it has no legal or factual basis. For the reasons discussed below, I grant the government's motions for summary judgment and deny those of Thomas.

## I. Factual and Procedural History

Thomas owes overdue tax liabilities to the government, which a number of IRS agents were assigned to collect. Between October 22, 1992 and November 30, 1992, Thomas filed with the Larimer County Clerk and Recorder three encumbrances purporting to. encumber the real and personal property of the IRS agents and employees.

The government filed a complaint for declaratory and injunctive relief on January 5, 1993, together with an application for preliminary injunction. Thomas filed an answer and complaint on February 1, 1993. On February 9, 1993, after a hearing, I granted the government's motion for preliminary injunction. The case is now ripe for decision. Oral argument will not materially assist the court.

## II. Discussion

### A. Government's Motion for Summary Judgment

■ The government asserts that it is entitled to judgment as a matter of law in its case against Thomas because the liens Thomas filed were improper, false and for purposes of harassment. I agree, as has every court to consider the issue. As one court put it:

> Tax protestors ... file these "liens" out of spite against the named individuals. The "so-called" liens are of course invalid and of no legal force or effect. However, they are used to harass IRS employees and deter them from enforcing the tax laws. The tax protestors, while claiming to act in the interests of freedom and personal liberty, use this weapon to harass private individuals in private lives, as part of the tax protestors' campaign.

*United States v. Van Dyke,* 568 F.Supp. 820, 821 (D.Ore.1983).

I accordingly grant the government's motion for summary judgment. I specifically find and declare that the

(1) "A SECURITY (15 USC) *Claim of Commercial Lien and Affidavit* To Guarantee Bond On Specific Performance Of All Public Officials; Officers of The Court; and Title Insurance Companies Connected with This Cause of Action" (reception number 92065956) recorded on or about October 22, 1992; and

(2) "A SECURITY (15 USC) Claim of Lien for Labor" and "Affidavit of David A. Thomas In Support of Claim Of Lien For Labor" (reception number 92065957) recorded on or about October 22, 1992, with the Recorder of Larimer County, Colorado; and

(3) "A SECURITY (15 USC) Claim of Lien for Labor" and "Affidavit of David A. Thomas In Support of Lien for Labor Dated November 27, 1992" (reception number 92075573) recorded on or about November 30, 1992, with the Recorder of Larimer County, Colorado,

are null, void and of no legal effect.

■ I also enjoin David A. Thomas from filing, or attempting to file, any document or instrument which purports to create any nonconsensual lien or encumbrance against (1) any government employee who authorized or performed any action in connection with the Assessment or collection of federal income tax liabilities from David A. Thomas; and (2) any government employee who authorized or performed any action in connection with the enforcement of the internal revenue laws. The United States may record this order and injunction with any county clerk or recorder.

### B. Thomas' Motion for Summary Judgment

■ The government urges me also to dismiss Thomas' counterclaim, arguing that there is no existing law or good faith basis for the extension, modification or reversal of existing law to support it. The counterclaim, in a number of claims for relief, asserts that the government does not have the statutory authority to collect tax liabilities and that

Thomas is immune from federal taxation because he is a natural-begotten sovereign white male who is not a federal citizen of the United States and who holds allegiance "first to the Laws of YAHWEH as a 'Believer' and secondly to the Colorado Republic by the Common Law consistent with and to the Laws of YAHWEH."

The tenth circuit has addressed these issues in depth and detail, *United States v. Dawes*, 874 F.2d 746 (10th Cir.1989) and *Lonsdale v. United States*, 919 F.2d 1440 (10th Cir.1990). The circuit found the same arguments unpersuasive, illogical and without legal or historical foundation. I am bound by the circuit's decisions. I accordingly grant the government's motion to dismiss or for summary judgment on Thomas' counterclaim and deny Thomas' cross motion for summary judgment together with his motion for declaration.

### III. Conclusion

I grant the government's motion for a permanent injunction. I grant the government's motion to dismiss Thomas' counterclaim or for summary judgment. I deny Thomas' motion for a preliminary injunction, his motion to dismiss or to defer consideration of the government's motion for summary judgment, and his motion for declaratory judgment concerning classification. I award the government no sanctions.