34 F.3d 1075
 74 A.F.T.R.2d 94-5930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael J. WILLENBERG, Defendant-Appellant.
 No. 93-17223.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 9, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael J. Willenberg appeals pro se the district court's summary judgment for the United States in the government's action for declaratory and injunctive relief. In its action, the government sought expungement of a document entitled "Notice of Default and Claim of Lien" that Willenberg had recorded against the property of an Internal Revenue Service officer. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Huff v. United States, 10 F.3d 1440, 1443 (9th Cir.1993), cert. denied, 114 S.Ct. 2706 (1994), and affirm.
 
 
 3
 The record shows that IRS officer Carl G. Becker was involved in an investigation of Willenberg's income tax liabilities that resulted in garnishment of Willenberg's wages. Willenberg subsequently served on Becker a "Commercial Affidavit", essentially asserting that Willenberg was not liable for any tax liabilities and demanding that Becker prove by a responsive affidavit that Becker's actions were proper. Willenberg stated that if Becker did not respond, then Willenberg would record a lien against Becker's property. Becker did not respond to Willenberg's "Affidavit" and, on July 26, 1993, Willenberg recorded a "Notice of Default and Claim of Lien" against Becker's property.
 
 
 4
 In Ryan v. Bilby, 764 F.2d 1325 (9th Cir.1985), the plaintiff initiated a civil rights action against the judges and prosecutors who were involved in the plaintiff's conviction for tax evasion. During the course of the action, the plaintiff recorded various common-law liens against the property of the defendant judges. The district court granted the judges' motion to release the liens and enjoined the plaintiff from filing similar liens in the future. On appeal, this court affirmed the district court's order releasing the liens and held that section 7402(a) of the Internal Revenue Code empowers the district courts "to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." 764 F.2d at 1327.[1]
 
 
 5
 In its amended complaint, the government alleged that Willenberg had recorded his "Notice of Default and Claim of Lien" as a means of interfering with the government's enforcement of the internal revenue laws and to harass and intimidate officer Becker and Becker's wife, Terry Becker. In moving for summary judgment, the government argued Willenberg recorded the lien in response to Becker's performance of his official duties and that the lien was otherwise baseless. The government offered as supporting evidence the sworn declaration of officer Becker, who stated he was not acquainted with Willenberg other than in his official capacity and that he had not contracted for any services with Willenberg. The government also offered the sworn declaration of Terry Becker, who stated she was not acquainted with Willenberg and that she also had not contracted for any services with Willenberg.
 
 
 6
 We have reviewed the district court record and conclude that Willenberg has failed to demonstrate the existence of a genuine issue of material fact as to whether there was any legitimate basis for his "Notice of Default and Claim of Lien". Willenberg's "Commercial Affidavit" itself demonstrates that Willenberg recorded the lien because Becker failed to prove to Willenberg's satisfaction that he was liable for any unpaid income taxes. Thus, under Ryan, the district court acted well within its power by declaring Willenberg's lien void, ordering the "Notice of Default and Claim of Lien" expunged, and enjoining Willenberg from recording any such liens in the future. See id.; see also Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir.1985), cert. denied, 476 U.S. 1183 (1986).
 
 
 7
 Willenberg contends the government lacks standing to bring this action because he served his "Affidavit" on Becker in his personal capacity and filed the lien against Becker's personal property. This contention lacks merit. The district courts have jurisdiction over "all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. Sec. 1345. Moreover, as the court in Ryan recognized, section 7402(a) of the Code empowers the district courts to render "such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. Sec. 7402(a); see Ryan, 764 F.2d at 1327.
 
 
 8
 We have reviewed the remaining contentions raised by Willenberg on appeal and reject them as completely lacking in merit.
 
 
 9
 The government requests sanctions against Willenberg for filing a frivolous appeal. This court has discretion to impose sanctions against a litigant, even one proceeding pro se, for frivolous appeals. See 28 U.S.C. Sec. 1912; Fed.R.App.P. 38; Ryan, 764 F.2d at 1328. This appeal is frivolous because the result is obvious and Willenberg's arguments are wholly without merit. See Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Therefore, in exercise of our discretion, we impose damages in the amount of $1,500 against Willenberg as a sanction.
 
 
 10
 AFFIRMED WITH SANCTIONS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 7402(a) provides, in pertinent part, that "[t]he district courts ... shall have such jurisdiction ... to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. Sec. 7402(a)