46 F.3d 1147
 75 A.F.T.R.2d 95-841
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen A. FRLEKIN, Sui Juris, and as Trustee of Lillian's
Sculptured Fabrics Trust, Defendant-Appellant.
 No. 93-56098.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen A. Frlekin appeals pro se the district court's summary judgment for the United States in the government's action for declaratory and injunctive relief. In its action, the government sought expungement of a "Commercial Lien" that the defendants, Frlekin, Lillian's Sculptured Fabrics Trust, and Lillian Minotti, had recorded against IRS agent Jolene Bushell and others. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Huff v. United States, 10 F.3d 1440, 1443 (9th Cir. 1993), cert. denied, 114 S. Ct. 2706 (1994), and we affirm.
 
 
 3
 The record shows that agent Jolene Bushell was involved in an investigation of Lillian's Sculptured Fabrics for unpaid employment taxes. On October 12, 1992, the defendants recorded the lien against Bushell. It is undisputed that agent Bushell had no other business contacts or dealings with the defendants. Moreover, the defendants do not allege that they had any type of creditor's claim or judgment against agent Bushell. Instead, they contend that the lien was filed to force Bushell to act within the scope of her duties and to prevent her from obtaining bank and other records of the Lillian's Sculptured Fabrics Trust, which Frlekin argues is wholly unrelated to the business entity named Lillian's Sculptured Fabrics.
 
 
 4
 In Ryan v. Bilby, we upheld the district court's expungement of similar liens, finding that section 7402(a) of the Internal Revenue Code empowers the district courts "to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes."[1] 764 F.2d 1325, 1327 (9th Cir. 1985); see also Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (same), cert. denied, 476 U.S. 1183 (1986); United States v. Ekblad, 732 F.2d 562, 563 (7th Cir. 1984); United States v. Hart, 701 F.2d 749, (8th Cir. 1983); United States v. Thomas, 819 F. Supp. 927, 928 (D. Colo. 1993); United States v. Van Dyke, 568 F. Supp. 820, 821 (D. Or. 1983).
 
 
 5
 On appeal, Frlekin contends that the lien was filed to force Bushell to act within the "scope of her authority." This contention lack merit.
 
 
 6
 First, agent Bushell's actions were clearly within the scope of her duties as an IRS agent. See I.R.C. Sec. 7602(a) (empowering IRS agents to examine any records "which may be relevant" to the investigation). Second, if the defendants thought that the scope of the investigation was too broad and the summons was improper, they could have brought a motion to quash the summons. See I.R.C. Sec. 7609(b). They did not do so. In any event, even if we were to find that agent Bushell had been acting outside of the scope of her duties -- which we do not -- it still would not provide a basis for the filing of a lien against her property.
 
 
 7
 We have reviewed the remaining contentions raised by Frlekin on appeal and reject them as completely lacking in merit. As the court in Van Dyke observed, tax protestors file these liens "to harass IRS employees and deter them from enforcing the tax laws. The tax protestors, while claiming to act in the interests of freedom and personal liberty, use this weapon to harass private individuals in private lives, as part of the tax protestor's campaign." 568 F. Supp. at 821.
 
 
 8
 The government requests sanctions against Frlekin for filing a frivolous appeal. This court has discretion to impose sanctions against a litigant, even one proceeding pro se, for frivolous appeals. See 28 U.S.C. Sec. 1912; Fed. R. App. P. 38; Ryan, 764 F.2d at 1328. This appeal is frivolous because the result is obvious and Frlekin's arguments are wholly without merit. See Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir. 1988). Therefore, in exercise of our discretion, we impose a sanction in the amount of $1,500 against Frlekin.
 
 
 9
 AFFIRMED WITH SANCTIONS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Section 7402(a) provides, in pertinent part, that "[t]he district courts ... shall have such jurisdiction ... to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. Sec. 7402(a)