46 F.3d 1142
 75 A.F.T.R.2d 95-839
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pantaleon KOLCHEV, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70432.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 1, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer Pantaleon Kolchev appeals pro se the tax court's summary judgment in favor of the Commissioner of Internal Revenue ("Commissioner"), in Kolchev's action seeking a redetermination of a tax deficiency and additions to tax for tax year 1990. We have jurisdiction under 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 * Summary Judgment
 
 
 4
 We review de novo the tax court's summary judgment in favor of the Commissioner. See Estate of Schnack v. Commissioner, 848 F.2d 933, 935 (9th Cir. 1988). The Commissioner's deficiency determinations as to the taxes and penalties owed by Kolchev are presumed correct. See Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir. 1984). Kolchev had the burden of proving the determinations incorrect. See id. Kolchev was required to articulate clear and concise assignments of each error committed by the Commissioner and clear and concise statements of the facts supporting each assignment of error. See 26 U.S.C. Sec. 7453; Tax Ct. R. 34(b)(4) & (5).
 
 
 5
 Kolchev first contends that the deficiency determination is erroneous because it does not reflect the $3,706 which was withheld from his wages during tax year 1990. The notice of deficiency reflects, however, that the IRS credited Kolchev's account with the amount. Accordingly, Kolchev's contention lacks merit.
 
 
 6
 Kolchev next contends that the tax court denied him due process by granting summary judgment for the IRS based on the pleadings. He contends that he was not allowed an opportunity to present evidence that the IRS denied his request to review his administrative file.
 
 
 7
 "As a general rule, we will not 'look behind a deficiency notice to question the Commissioner's motives and procedures leading to a deficiency determination."' Kantor v. Commissioner, 998 F.2d 1514, 1521 (9th Cir. 1993) (citing Scar v. Commissioner, 814 F.2d 1363, 1368 (9th Cir. 1987). Only if "the notice of deficiency reveal[s] on its face that the Commissioner failed to make a determination," will we "look behind" a notice of deficiency. Kantor, 998 F.2d at 1521; Clapp v. Commissioner, 875 F.2d 1396, 1402 (9th Cir. 1989). Here, Kolchev does not dispute that he had wages in the amount determined by the Commissioner for tax year 1990. Accordingly, the tax court did not err by granting summary judgment for the IRS based on the pleadings. See id.
 
 
 8
 Kolchev contends that the Commissioner's notice of deficiency is erroneous because it was not based on a valid assessment. Under section 6213(a), however, a notice of deficiency must precede the assessment of a tax. 26 U.S.C. Sec. 6213(a). Accordingly, Kolchev's contention that the notice of deficiency was not properly "assessed" lacks merit. See id.
 
 
 9
 Finally, we reject as frivolous Kolchev's remaining contentions asserting that his wages are not taxable income, see 26 U.S.C. Sec. 61, that notices of deficiency may only be issued to government employees, see Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir. 1986), that the IRS code is not enforceable because it has not been enacted into positive law, see Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985), and that the Commissioner lacked delegated authority to issue the notice of deficiency, see Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992).
 
 II
 Sanctions
 
 10
 The Commissioner requests that we impose a sanction against Kolchev for bringing a frivolous appeal. We have the discretion to impose a penalty against a litigant as a sanction for bringing a frivolous appeal. 28 U.S.C. Sec. 1912; Fed. R. App. P. 38. "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir. 1988). We decline, in our discretion, to impose sanctions in this instance.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3