62 F.3d 1425
 76 A.F.T.R.2d 95-6022, 95-2 USTC P 50,480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen M. NELSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-17028.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer Allen M. Nelson appeals pro se the district court's order enforcing an Internal Revenue Service ("IRS") summons issued to a third-party recordkeeper for the purpose of determining Nelson's income tax liability for tax years 1990 and 1991. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for clear error, United States v. Derr, 969 F.2d 943, 945 (9th Cir. 1992), and affirm.
 
 
 3
 Nelson essentially contends that the IRS lacked authority to issue the summons because Congress has never enacted the relevant portions of Title 26 of the United States Code into positive law. This contention is frivolous.
 
 
 4
 The payment of income taxes is not voluntary. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988). The fact that relevant portions of Title 26 of the United States Code have not been enacted into "positive law" does not render the Code unenforceable. Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985). Thus, the IRS had authority to issue and serve the summonses. See id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3