NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN J. SCHLABACH, | No. 10-35929 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00298-FVS |
| v. | |
| INTERNAL REVENUE SERVICE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Submitted December 4, 2012[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and TALLMAN, Circuit Judges.

John Schlabach appeals from the district court's order dismissing his Privacy

Act case against the Internal Revenue Service ("IRS") for lack of subject matter

jurisdiction. He sought to have records removed from his IRS file. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

A district court does not have jurisdiction over a Privacy Act case brought by an individual who seeks to amend a record that affects his actual or possible tax liability. 26 U.S.C. § 7852(e); *England v. Comm'r*, 798 F.2d 350, 352 (9th Cir. 1986). Schlabach concedes that the letters he seeks to expunge are or were related to an investigation of an abusive tax shelter. The documents therefore affect the determination of his tax liability, depriving the district court of jurisdiction. Any lack of ongoing IRS investigation does not confer jurisdiction because the record could impact Schlabach's future tax liability. *England*, 798 F.2d at 352 (finding that an IRS record can affect subsequent tax liability). The statute moreover does not distinguish between open and closed investigations. 26 U.S.C. § 7852(e).

**AFFIRMED.**