John L. CHEEK, Plaintiff-Appellant,

v.

**INTERNAL REVENUE SERVICE and
Donald Bergherm, District Director,
Defendants-Appellees.**

No. 82–1810.

United States Court of Appeals,
Seventh Circuit.

Submitted March 1, 1983.

Decided March 31, 1983.

John L. Cheek, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Dept. of Justice, Appellate Section, Washington, D.C., for defendants-appellees.

Before CUMMINGS, Chief Judge, and WOOD and POSNER, Circuit Judges.

PER CURIAM.

The appellant, Mr. Cheek, sued the Internal Revenue Service under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, to obtain information in the Service's files about his tax returns which the Service had refused to turn over to him on the ground that they were shielded from disclosure by the confidentiality provisions of the Internal Revenue Code, see 26 U.S.C. §§ 6103(a)(1), 6103(e)(7). The district court granted the government's motion for summary judgment and Mr. Cheek appeals. *King v. Internal Revenue Service,* 688 F.2d 488 (7th Cir.1982), holding that disclosure of tax return information is governed by section 6103 rather than by the Freedom of Information Act, disposes of Mr. Cheek's Freedom of Information Act ground, but the Privacy Act issue that he raises has not to our knowledge been the subject of a reported case. However, it presents little difficulty after *King.* Section 6103 in its present form was added by the Tax Reform Act of 1976, deals comprehensively with the subject of disclosure of tax return information, and, while not explicitly amending the Privacy Act, was apparently intended to override any inconsistent provisions of prior statutes, including the Privacy Act. The Senate Report states: "Recent Congressional action with respect to privacy in general has had an impact on the disclosure of tax information [citing the Privacy Act]. However, the Congress did not specifically focus on the unique aspects of tax returns in the

Privacy Act. The committee has reviewed each of the areas in which returns and return information are now subject to disclosure.... [T]he committee felt that returns and return information should generally be treated as confidential and not subject to disclosure except in those limited situations delineated in the newly amended section 6103 where the committee decided that disclosure was warranted." S.Rep. No. 938, 94th Cong., 2d Sess. 318 (1976), U.S. Code Cong. & Admin.News 1976, pp. 2897, 3747 (paragraph breaks and a footnote omitted). In addition, it would make no sense to hold that section 6103 was exclusive as regards the Freedom of Information Act but not as regards the Privacy Act. We hold that it is exclusive as to both.

AFFIRMED.