Thomas Harold LAKE and Rose
C. Lake, Appellants,

v.

Robert E. RUBIN, Secretary of
the Treasury of the United
States, Appellee.

Nos. 98–5009, 98–5184, 98–5185, 98–5186, 98–5187, 98–5188, 98–5189, 98–5190, 98–5191, 98–5192, 98–5193, 98–5194, 98–5195, 98–5196, 98–5197, 98–5198, 98–5199, 98–5200, 98–5201, 98–5202, 98–5203, 98–5204, 98–5205, 98–5206, 98–5207, 98–5208, 98–5209, 98–5210, 98–5211, 98–5212, 98–5213, 98–5214, 98–5215, 98–5216, 98–5217, 98–5218, 98–5219, 98–5220, 98–5221, 98–5222, 98–5223, 98–5266, 98–5267, 98–5268, 98–5269, 98–5270, 98–5271, 98–5272, 98–5273, 98–5274, 98–5275, 98–5276, 98–5277, 98–5278, 98–5279, 98–5280, 98–5281, 98–5282, 98–5283, 98–5284, 98–5285, 98–5286, 98–5287, 98–5288, 98–5289, 98–5290, 98–5291, 98–5292, 98–5293, 98–5294, 98–5295, 98–5296, 98–5297, 98–5298, 98–5299, 98–5300, 98–5301, 98–5302, 98–5303, 98–5304, 98–5305, 98–5306, 98–5307, 98–5308, 98–5309, 98–5310, 98–5311, 98–5312, 98–5313, 98–5314, 98–5315, 98–5316, 98–5356, 98–5357, 98–5359, 98–5360, 98–5369, 98–5370, 98–5371, 98–5372, 98–5373, 98–5374, 98–5375, 98–5376, 98–5377, 98–5378, 98–5379, 98–5380, 98–5381, 98–5382, 98–5383, 98–5384, 98–5385, 98–5386, 98–5387, 98–5388, 98–5389, 98–5390, 98–5391, 98–5392, 98–5393, 98–5394, 98–5395, 98–5396, 98–5397, 98–5398, 98–5411, 98–5412, 98–5413, 98–5414, 98–5415, 98–5416, 98–5417, 98–5418, 98–5419, 98–5420.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 5, 1998.

Decided Dec. 11, 1998.

Fred A. Ohlinger argued the cause for appellants. With him on the briefs was J. Hamilton McMenamy.

Murray S. Horwitz, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief were Loretta C. Argrett, Assistant Attorney General, Wilma A. Lewis, U.S. Attorney, and Jonathan S. Cohen, Attorney, U.S. Department of Justice. Curtis C. Pett and Gary W. Allen, Attorneys, entered appearances.

Before: HENDERSON, RANDOLPH, and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

These are consolidated appeals from district court judgments dismissing, for lack of jurisdiction, one hundred and thirty-eight complaints. Though filed by different individuals, each complaint contained the same cause of action. The action filed by Thomas H. and Rose C. Lake is typical. The Lakes sought injunctive and declaratory relief, and damages. The Internal Revenue Service, their complaint alleged, failed to comply with the Lakes' written request, "[p]ursuant to the requirements of the Privacy Act at 5 USC 552a(d)(1)," for the disclosure of information explaining "adverse determinations" made by the IRS regarding their tax liability. According to the government, the IRS has received hundreds of identical, or nearly identical, requests from individuals around the country.

The Lakes relied on a section of the Privacy Act requiring federal agencies, upon the request of an individual, to furnish such information "pertaining" to that individual as is contained in the agency's "system of records." 5 U.S.C. § 552a(d)(1). If not satisfied with the agency's response, the requester may bring a civil action against the agency for injunctive relief and damages. *See* 5 U.S.C. § 552a(g)(1)(B), (3)(A) & (4).

The judgments dismissing the complaints for lack of jurisdiction rested on a provision of the Internal Revenue Code—26 U.S.C. § 7852(e)—which states as follows:

The provisions of subsections (d)(2), (3) and (4), and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

Both of the two district court opinions in these cases took § 7852(e) to mean that "the provision of the Privacy Act providing the federal district courts with jurisdiction over civil actions to enforce the Privacy Act 'shall not be applied' to the IRS." *Maxwell v. Rubin,* 3 F.Supp.2d 45, 48 (D.D.C.1998). In other words, although subsection (d)(1) of the Privacy Act may require the IRS to furnish copies of records to an individual, § 7852(e)'s withdrawal of the subsection (g) jurisdictional grant leaves the federal courts with no power or authority to force the IRS to comply.

One of the district court's opinions relied on *England v. Commissioner,* 798 F.2d 350 (9th Cir.1986), a case differing from those before us in one important respect. The taxpayer's Privacy Act suit in *England* sought, not a disclosure of IRS records under subsection (d)(1), but an amendment of them pursuant to subsections (d)(2) and (d)(3). These provisions permit an "individual to

request amendment of a record pertaining to him," and require the agency either to make the correction or explain why it will not. 5 U.S.C. § 552a(d)(2), (3). As with a request for disclosure, subsection (g) gives the individual a right to sue in district court for an injunction and damages if the agency refuses to amend the records. *See* 5 U.S.C. § 552a(g)(1)(A). The *England* court put its decision in terms of lack of "jurisdiction." But it is also clear that England had no cause of action. Section 7852(e) explicitly deprives taxpayers of any right under the Privacy Act amendment provisions—subsections (d)(2), (d)(3) and (d)(4)—to force the IRS to respond to requests for the correction of tax records relating to the determination of their tax liability. In contrast, § 7852(e) does not mention the Privacy Act's disclosure provision (subsection (d)(1)). This leads to a textual argument in favor of the plaintiffs: § 7852(e)'s reference to subsection (g), they contend, must be limited to suits dealing with the amendment of tax records because only the Privacy Act's amendment provisions are expressly made inapplicable to tax records.

There is a related point in plaintiffs' favor. To the extent that subsection (g) of the Privacy Act allows individuals to sue agencies for damages, it represents a waiver of the government's sovereign immunity. *See McMillen v. United States Dep't of Treasury,* 960 F.2d 187, 188 (1st Cir.1991) (per curiam). Without subsection (g), plaintiffs seeking disclosure of tax records could never recover damages for Privacy Act violations. But general federal question jurisdiction under 28 U.S.C. § 1331 would allow an injunction action against a government official for violating the Privacy Act even if Congress had never enacted subsection (g). Congress years ago abolished the minimum amount-in-controversy requirement and waived sovereign immunity in all cases seeking relief "other than money damages." 5 U.S.C.

§ 702; *see Bowen v. Massachusetts,* 487 U.S. 879, 897, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988); *Hubbard v. Administrator, Envtl. Protection Agency,* 982 F.2d 531, 533 (D.C.Cir.1992) (en banc). On this view of the interplay of the statutes, if § 7852(e) rendered subsection (g) inapplicable to Privacy Act disclosure suits regarding tax determinations, plaintiffs could not recover damages. But under 28 U.S.C. § 1331,[1] the district court still had jurisdiction over their claims for injunctive relief resulting from the IRS's alleged failure to disclose the records in violation of subsection (d)(1).

There are two problems with the analysis in the last paragraph. The first is that it embodies an argument the plaintiffs never made. The second is that it ignores another provision, revised in the same legislation containing § 7852(e), a provision meant to deal very precisely and comprehensively with the IRS's disclosure of tax return information. In the Tax Reform Act of 1976, passed in the wake of Watergate and White House efforts to harass those on its "enemies list," *see Tax Analysts v. IRS,* 117 F.3d 607, 611 (D.C.Cir. 1997), Congress amended § 6103 of the Internal Revenue Code to protect the privacy of tax return information and to regulate in minute detail the disclosure of this material.[2] *See Church of Scientology v. IRS,* 484 U.S. 9, 16, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987); *Tax Analysts,* 117 F.3d at 611, 615. As amended, § 6103 now prohibits the IRS from revealing a taxpayer's return information to the public, but requires the IRS to disclose the information to the taxpayer if this "would not seriously impair Federal tax administration." 26 U.S.C. § 6103(e)(7). The Seventh Circuit has decided that § 6103, although not framed as an exception to the Privacy Act, overrides any inconsistent provisions of prior statutes, including the Privacy Act, and represents the exclusive statutory route for taxpayers to gain access to their return information. *See*

---

1. The Lakes' complaint invoked jurisdiction not only under subsection (g) of the Privacy Act, but also under 28 U.S.C. § 1331; and it named the Secretary of the Treasury, in his official capacity, as a defendant.

2. *See, e.g.,* 26 U.S.C. § 6103(a) (stating that "[r]eturns and return information shall be confidential" and not subject to disclosure "except as

authorized by this title"); § 6103(c) (permitting, subject to requirements and conditions prescribed by the Secretary of Treasury, disclosure of taxpayer's return or return information to taxpayer's designee); § 6103(e) (requiring the IRS to disclose an individual's return to the individual "upon written request").

*Cheek v. IRS,* 703 F.2d 271, 271–72 (7th Cir.1983). The Senate report accompanying the 1976 revision of § 6103 supports this view.[3] Other considerations do as well. The condition on disclosure of return information in § 6103(e)(7)—"would not seriously impair Federal tax administration"—has no counterpart in the Privacy Act. This strongly suggests that Congress intended § 6103 to be the exclusive means by which individuals may obtain tax records relating to them. A comparison of the precise treatment of return information in § 6103 and the imprecise regulation of agency records in the Privacy Act reveals many other differences. In analogous circumstances, we have held that the Freedom of Information Act does not govern the disclosure of information when, in another statute, Congress has dealt with disclosure of the same information through "comprehensive, carefully tailored and detailed" provisions "designed to protect both the interest of" those seeking the information and the interest in "confidentiality." *Ricchio v. Kline,* 773 F.2d 1389, 1395 (D.C.Cir.1985); *see also Essential Info., Inc. v. United States Info. Agency,* 134 F.3d 1165, 1169 (D.C.Cir. 1998) (Henderson, J., concurring). On the same basis, we believe that the specific provisions of § 6103 rather than the general provisions of the Privacy Act govern the disclosure of the sort of tax information requested here. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Colorado Nurses Ass'n v. Federal Labor Relations Authority,* 851 F.2d 1486, 1492 (D.C.Cir.1988); *see also* 2A SUTHERLAND STATUTORY CONSTRUCTION § 51.05 (Norman J. Singer ed., 4th ed.1984).

The plaintiffs in these cases were fully aware of their rights under § 6103. They "elected" not to follow § 6103, fearing an IRS decision that compliance with their re-

quests would seriously undermine administration of the tax laws. Appellants' Reply Brief at 16. Whether the IRS would be warranted in coming to that conclusion is not for us to say at this point. Our decision, like that of the Seventh Circuit in *Cheek,* is that individuals seeking "return information" (26 U.S.C. § 6103(b)), must do so pursuant to § 6103 of the Internal Revenue Code, rather than the Privacy Act. We therefore affirm the judgments of the district court, although not on the jurisdictional rationale contained in its opinions.

*So ordered.*

---

**3.** Recent Congressional action with respect to privacy in general has had an impact on the disclosure of tax information [citing the Privacy Act]. However, the Congress did not specifically focus on the unique aspects of tax returns in the Privacy Act. The committee has reviewed each of the areas in which returns and return information are now subject to disclosure. Although present law describes income tax returns as "public records," open to inspection under regulations approved by the

President, or under Presidential order, the committee felt that returns and return information should generally be treated as confidential and not subject to disclosure except in those limited situations delineated in the newly amended section 6103 where the committee decided that disclosure was warranted.
S.REP No. 94–938, at 318 (1976), *reprinted in* 1976 U.S.C.C.A.N. 2897, 3747 (paragraph breaks and footnote omitted).