United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued October 5, 1998 Decided December 11, 1998 

 No. 98-5009

 Thomas Harold Lake and Rose C. Lake,

 Appellants

 v.

 Robert E. Rubin, 

 Secretary of the Treasury of the United States, 

 Appellee 

 Consolidated with Nos. 

 98-5184, 98-5185, 98-5186, 98-5187, 98-5188, 98-5189, 

 98-5190, 98-5191, 98-5192, 98-5193, 98-5194, 98-5195, 

 98-5196, 98-5197, 98-5198, 98-5199, 98-5200, 98-5201, 

 98-5202, 98-5203, 98-5204, 98-5205, 98-5206, 98-5207, 

 98-5208, 98-5209, 98-5210, 98-5211, 98-5212, 98-5213, 

 98-5214, 98-5215, 98-5216, 98-5217, 98-5218, 98-5219, 

 98-5220, 98-5221, 98-5222, 98-5223, 98-5266, 98-5267, 

 98-5268, 98-5269, 98-5270, 98-5271, 98-5272, 98-5273, 

 98-5274, 98-5275, 98-5276, 98-5277, 98-5278, 98-5279, 

 98-5280, 98-5281, 98-5282, 98-5283, 98-5284, 98-5285, 

 98-5286, 98-5287, 98-5288, 98-5289, 98-5290, 98-5291, 

 98-5292, 98-5293, 98-5294, 98-5295, 98-5296, 98-5297, 

 98-5298, 98-5299, 98-5300, 98-5301, 98-5302, 98-5303, 

 98-5304, 98-5305, 98-5306, 98-5307, 98-5308, 98-5309, 

 98-5310, 98-5311, 98-5312, 98-5313, 98-5314, 98-5315, 

 98-5316, 98-5356, 98-5357, 98-5359, 98-5359, 98-5360, 

 98-5369, 98-5370, 98-5371, 98-5372, 98-5373, 98-5374, 
 98-5375, 98-5376, 98-5377, 98-5378, 98-5379, 98-5380, 
 98-5381, 98-5382, 98-5383, 98-5384, 98-5385, 98-5386, 
 98-5387, 98-5388, 98-5389, 98-5390, 98-5391, 
 98-5392, 98-5393, 98-5394, 98-5395, 98-5396, 
 98-5397, 98-5398, 98-5411, 98-5412, 98-5413, 
 98-5414, 98-5415, 98-5416, 98-5417, 98-5418, 
 98-5419, 98-5420

 Appeals from the United States District 
 Court for the District of Columbia

 (97cv02767) (98cv00331)
 (97cv02768) (98cv00332)
 (97cv02769) (98cv00333)
 (97cv02770) (98cv00421)
 (98cv00264) (98cv00422)
 (98cv00265) (98cv00423)
 (98cv00266) (98cv00424)
 (98cv00267) (98cv00425)
 (98cv0026 ) (98cv00426)
 (98cv00269) (98cv00473)
 (98cv00328) (98cv00474)
 (98cv00329) (98cv00475)
 (98cv00330) (98cv00476)

 (98cv00477) (98cv01367)
 (98cv00478) (98cv01368)
 (98cv00720) (98cv01390)
 (98cv0072) (98cv01391)
 (98cv00722) (98cv01393)
 (98cv00723) (98cv01394)
 (98cv00752) (98cv01395)
 (98cv00753) (98cv01511)
 (98cv00754) (98cv01512)
 (98cv00849) (98cv01513)
 (98cv00850) (98cv01514)
 (98cv00851) (98cv01515)
 (98cv00975) (98cv01526)
 (98cv00976) (98cv01527)
 (98cv00994) (98cv01528)
 (98cv01293) (98cv01529)
 (98cv01294) (98cv01530)
 (98cv01295) (98cv01546)
 (98cv01296) (98cv01547)
 (98cv01297) (98cv01548)
 (98cv01321) (98cv01549)
 (98cv01323) (98cv01550)
 (98cv01327) (98cv01609)
 (98cv01328) (98cv01611)
 (98cv01329) (98cv01612)
 (98cv01332) (98cv01615)
 (98cv01337) (98cv01617)
 (98cv01339) (98cv01620)
 (98cv01340) (98cv01621)
 (98cv01341) (98cv01622)
 (98cv01343) (98cv01631)
 (98cv01344) (98cv01632)
 (98cv01345) (98cv01683)
 (98cv01346) (98cv01684)
 (98cv01347) (98cv01685)
 (98cv01348) (98cv01686)
 (98cv01364) (98cv01687)
 (98cv01365) (98cv01705)
 (98cv01366) (98cv01706)

 (98cv01707) (98cv01755)
 (98cv01708) (98cv01762)
 (98cv01709) (98cv01763)
 (98cv01717) (98cv01764)
 (98cv01718) (98cv01765)
 (98cv01719) (98cv01766)
 (98cv01720) (98cv01885)
 (98cv01721) (98cv01888)
 (98cv01723) (98cv01890)
 (98cv01724) (98cv01891)
 (98cv01725) (98cv01893)
 (98cv01726) (98cv01900)
 (98cv01728) (98cv01903)
 (98cv01751) (98cv01905)
 (98cv01752) (98cv01907)
 (98cv01753) (98cv01908)
 (98cv01754)
 
 Fred A. Ohlinger argued the cause for appellants. With 
him on the briefs was J. Hamilton McMenamy.

 Murray S. Horwitz, Attorney, U.S. Department of Justice, 
argued the cause for appellee. With him on the brief were 
Loretta C. Argrett, Assistant Attorney General, Wilma A. 
Lewis, U.S. Attorney, and Jonathan S. Cohen, Attorney, U.S. 
Department of Justice. Curtis C. Pett and Gary W. Allen, 
Attorneys, entered appearances.

 Before: Henderson, Randolph, and Tatel, Circuit Judges.
 
 Opinion for the Court filed by Circuit Judge Randolph.
 
 Randolph, Circuit Judge: These are consolidated appeals 
from district court judgments dismissing, for lack of jurisdic-
tion, one hundred and thirty-eight complaints. Though filed 
by different individuals, each complaint contained the same 
cause of action. The action filed by Thomas H. and Rose C. 
Lake is typical. The Lakes sought injunctive and declaratory 
relief, and damages. The Internal Revenue Service, their 
complaint alleged, failed to comply with the Lakes' written 
request, "[p]ursuant to the requirements of the Privacy Act at 
5 USC 552a(d)(1)," for the disclosure of information explain-
ing "adverse determinations" made by the IRS regarding 

their tax liability. According to the government, the IRS has 
received hundreds of identical, or nearly identical, requests 
from individuals around the country.

 The Lakes relied on a section of the Privacy Act requiring 
federal agencies, upon the request of an individual, to furnish 
such information "pertaining" to that individual as is con-
tained in the agency's "system of records." 5 U.S.C. 
s 552a(d)(1). If not satisfied with the agency's response, the 
requester may bring a civil action against the agency for 
injunctive relief and damages. See 5 U.S.C. s 552a(g)(1)(B), 
(3)(A) & (4).

 The judgments dismissing the complaints for lack of juris-
diction rested on a provision of the Internal Revenue Code--
26 U.S.C. s 7852(e)--which states as follows:

 The provisions of subsections (d)(2), (3) and (4), and (g) of 
 section 552a of title 5, United States Code, shall not be 
 applied, directly or indirectly, to the determination of the 
 existence or possible existence of liability (or the amount 
 thereof) of any person for any tax, penalty, interest, fine, 
 forfeiture, or other imposition or offense to which the 
 provisions of this title apply.

 Both of the two district court opinions in these cases took 
s 7852(e) to mean that "the provision of the Privacy Act 
providing the federal district courts with jurisdiction over civil 
actions to enforce the Privacy Act 'shall not be applied' to the 
IRS." Maxwell v. Rubin, 3 F. Supp. 2d 45, 48 (D.D.C. 1998). 
In other words, although subsection (d)(1) of the Privacy Act 
may require the IRS to furnish copies of records to an 
individual, s 7852(e)'s withdrawal of the subsection (g) juris-
dictional grant leaves the federal courts with no power or 
authority to force the IRS to comply.

 One of the district court's opinions relied on England v. 
Commissioner, 798 F.2d 350 (9th Cir. 1986), a case differing 
from those before us in one important respect. The taxpay-
er's Privacy Act suit in England sought, not a disclosure of 
IRS records under subsection (d)(1), but an amendment of 
them pursuant to subsections (d)(2) and (d)(3). These provi-


sions permit an "individual to request amendment of a record 
pertaining to him," and require the agency either to make the 
correction or explain why it will not. 5 U.S.C. s 552a(d)(2), 
(3). As with a request for disclosure, subsection (g) gives the 
individual a right to sue in district court for an injunction and 
damages if the agency refuses to amend the records. See 5 
U.S.C. s 552a(g)(1)(A). The England court put its decision in 
terms of lack of "jurisdiction." But it is also clear that 
England had no cause of action. Section 7852(e) explicitly 
deprives taxpayers of any right under the Privacy Act amend-
ment provisions--subsections (d)(2), (d)(3) and (d)(4)--to 
force the IRS to respond to requests for the correction of tax 
records relating to the determination of their tax liability. In 
contrast, s 7852(e) does not mention the Privacy Act's disclo-
sure provision (subsection (d)(1)). This leads to a textual 
argument in favor of the plaintiffs: s 7852(e)'s reference to 
subsection (g), they contend, must be limited to suits dealing 
with the amendment of tax records because only the Privacy 
Act's amendment provisions are expressly made inapplicable 
to tax records.

 There is a related point in plaintiffs' favor. To the extent 
that subsection (g) of the Privacy Act allows individuals to sue 
agencies for damages, it represents a waiver of the govern-
ment's sovereign immunity. See McMillen v. United States 
Dep't of Treasury, 960 F.2d 187, 188 (1st Cir. 1991) (per 
curiam). Without subsection (g), plaintiffs seeking disclosure 
of tax records could never recover damages for Privacy Act 
violations. But general federal question jurisdiction under 28 
U.S.C. s 1331 would allow an injunction action against a 
government official for violating the Privacy Act even if 
Congress had never enacted subsection (g). Congress years 
ago abolished the minimum amount-in-controversy require-
ment and waived sovereign immunity in all cases seeking 
relief "other than money damages." 5 U.S.C. s 702; see 
Bowen v. Massachusetts, 487 U.S. 879, 897 (1988); Hubbard 
v. Administrator, Envtl. Protection Agency, 982 F.2d 531, 533 
(D.C. Cir. 1992) (en banc). On this view of the interplay of 
the statutes, if s 7852(e) rendered subsection (g) inapplicable 
to Privacy Act disclosure suits regarding tax determinations, 


plaintiffs could not recover damages. But under 28 U.S.C. 
s 1331,1 the district court still had jurisdiction over their 
claims for injunctive relief resulting from the IRS's alleged 
failure to disclose the records in violation of subsection (d)(1).

 There are two problems with the analysis in the last 
paragraph. The first is that it embodies an argument the 
plaintiffs never made. The second is that it ignores another 
provision, revised in the same legislation containing s 7852(e), 
a provision meant to deal very precisely and comprehensively 
with the IRS's disclosure of tax return information. In the 
Tax Reform Act of 1976, passed in the wake of Watergate and 
White House efforts to harass those on its "enemies list," see 
Tax Analysts v. IRS, 117 F.3d 607, 611 (D.C. Cir. 1997), 
Congress amended s 6103 of the Internal Revenue Code to 
protect the privacy of tax return information and to regulate 
in minute detail the disclosure of this material.2 See Church 
of Scientology v. IRS, 484 U.S. 9, 16 (1987); Tax Analysts, 
117 F.3d at 611, 615. As amended, s 6103 now prohibits the 
IRS from revealing a taxpayer's return information to the 
public, but requires the IRS to disclose the information to the 
taxpayer if this "would not seriously impair Federal tax 
administration." 26 U.S.C. s 6103(e)(7). The Seventh Cir-
cuit has decided that s 6103, although not framed as an 
exception to the Privacy Act, overrides any inconsistent provi-
sions of prior statutes, including the Privacy Act, and repre-
sents the exclusive statutory route for taxpayers to gain 
access to their return information. See Cheek v. IRS, 703 
F.2d 271, 271-72 (7th Cir. 1983). The Senate report accompa-

__________
 1 The Lakes' complaint invoked jurisdiction not only under sub-
section (g) of the Privacy Act, but also under 28 U.S.C. s 1331; and 
it named the Secretary of the Treasury, in his official capacity, as a 
defendant.

 2 See, e.g., 26 U.S.C. s 6103(a) (stating that "[r]eturns and return 
information shall be confidential" and not subject to disclosure 
"except as authorized by this title"); s 6103(c) (permitting, subject 
to requirements and conditions prescribed by the Secretary of 
Treasury, disclosure of taxpayer's return or return information to 
taxpayer's designee); s 6103(e) (requiring the IRS to disclose an 
individual's return to the individual "upon written request").

nying the 1976 revision of s 6103 supports this view.3 Other 
considerations do as well. The condition on disclosure of 
return information in s 6103(e)(7)--"would not seriously im-
pair Federal tax administration"--has no counterpart in the 
Privacy Act. This strongly suggests that Congress intended 
s 6103 to be the exclusive means by which individuals may 
obtain tax records relating to them. A comparison of the 
precise treatment of return information in s 6103 and the 
imprecise regulation of agency records in the Privacy Act 
reveals many other differences. In analogous circumstances, 
we have held that the Freedom of Information Act does not 
govern the disclosure of information when, in another statute, 
Congress has dealt with disclosure of the same information 
through "comprehensive, carefully tailored and detailed" pro-
visions "designed to protect both the interest of" those seek-
ing the information and the interest in "confidentiality." Ric-
chio v. Kline, 773 F.2d 1389, 1395 (D.C. Cir. 1985); see also 
Essential Info., Inc. v. United States Info. Agency, 134 F.3d 
1165, 1169 (D.C. Cir. 1998) (Henderson, J., concurring). On 
the same basis, we believe that the specific provisions of 
s 6103 rather than the general provisions of the Privacy Act 
govern the disclosure of the sort of tax information requested 
here. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 
U.S. 437, 445 (1987); Colorado Nurses Ass'n v. Federal Labor 

__________
 3Recent Congressional action with respect to privacy in general 
 has had an impact on the disclosure of tax information [citing 
 the Privacy Act]. However, the Congress did not specifically 
 focus on the unique aspects of tax returns in the Privacy Act. 
 The committee has reviewed each of the areas in which returns 
 and return information are now subject to disclosure. Al-
 though present law describes income tax returns as "public 
 records," open to inspection under regulations approved by the 
 President, or under Presidential order, the committee felt that 
 returns and return information should generally be treated as 
 confidential and not subject to disclosure except in those limit-
 ed situations delineated in the newly amended section 6103 
 where the committee decided that disclosure was warranted.

S. Rep. No. 94-938, at 318 (1976), reprinted in 1976 U.S.C.C.A.N. 
2897, 3747 (paragraph breaks and footnote omitted).


Relations Auth., 851 F.2d 1486, 1492 (D.C. Cir. 1988); see 
also 2A Sutherland Statutory Construction s 51.05 (Nor-
man J. Singer ed., 4th ed. 1984).

 The plaintiffs in these cases were fully aware of their rights 
under s 6103. They "elected" not to follow s 6103, fearing 
an IRS decision that compliance with their requests would 
seriously undermine administration of the tax laws. Appel-
lants' Reply Brief at 16. Whether the IRS would be warrant-
ed in coming to that conclusion is not for us to say at this 
point. Our decision, like that of the Seventh Circuit in Cheek, 
is that individuals seeking "return information" (26 U.S.C. 
s 6103(b)), must do so pursuant to s 6103 of the Internal 
Revenue Code, rather than the Privacy Act. We therefore 
affirm the judgments of the district court, although not on the 
jurisdictional rationale contained in its opinions.

 So ordered.