# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

―――――――――

m 99-20273

―――――――――

BOOKER T. HOBBS, JR.,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA,
EX REL. SANDRA RUSSELL IN HER OWN RIGHT,
AND
INTERNAL REVENUE SERVICE,

Defendants-Appellees.

―――――――――――――

Appeal from the United States District Court
for the Southern District of Texas

―――――――――――――

April 20, 2000

Before REAVLEY, SMITH, and EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Booker Hobbs, Jr., *pro se*, appeals the determination that he is not entitled to recover damages under the Internal Revenue Code ("I.R.C."), 26 U.S.C. § 7431, or the Privacy Act, 5 U.S.C. § 552a, for the disclosure of his federal income tax returns. Concluding that the disclosures were authorized under I.R.C. § 6103, we affirm.

## I.

Hobbs was employed by the Internal Revenue Service ("I.R.S.") as an engineer, examining corporate and individual tax returns. His position required an advanced understanding of the tax laws. Thus, when it

came to his supervisor's attention that Hobbs might have improperly filed past tax returns, the supervisor directed an audit. That investigation revealed evidence of improper filings and of unsubstantiated deductions, whereupon Hobbs was discharged.

Hobbs appealed his dismissal to the Merit Systems Protection Board ("MSPB"). In response, the IRS submitted the information it had found in its investigation, including information from Hobbs's past federal tax returns. The MSPB upheld the termination and dismissed Hobbs's claim that the IRS had discriminated against him on the basis of race.

Hobbs also filed a complaint against the IRS in the United States District Court for the Eastern District of Pennsylvania, alleging that he had been terminated for discriminatory reasons in violation of title VII of the Civil Rights Act of 1964, Pub. L. No. 88-352, 78 Stat. 241. The jury rejected Hobbs's claim, and he unsuccessfully appealed to the Third Circuit Court of Appeals.[1] The merits of that case are not at issue in the current appeal.

Next, Hobbs filed this action against the IRS seeking damages under I.R.C. § 7431 for unauthorized disclosure of tax return information and damages for violation of the Privacy Act, 5 U.S.C. § 552a. The court dismissed all of Hobbs's claims, and specifically, the claims he had brought pursuant to § 7431, because it held that the disclosures were authorized under I.R.C. § 6103(h)(4), which permits the disclosure of "return information in a Federal or State judicial or administrative pro-

---

[1] *See Hobbs v. Rubin*, No. 96-4117 (E.D. Pa.), *aff'd*, 156 F.3d 1224 (3d Cir. 1998) (unpublished).

ceeding pertaining to tax administration." The court also dismissed Hobbs's Privacy Act claims, holding that I.R.C. § 7431 provides the exclusive remedy for unlawful disclosure of tax information.

## II.

Hobbs argues that the dismissal of his § 7431 claims was improper because his appeal to the MSPB and his title VII civil trial were not "pertaining to tax administration" as required by the limited exception of § 6103-(h)(4), but were, instead, personnel matters. Hobbs also asserts that the IRS made these disclosures in bad faith. Next, he avers that the court erred in dismissing his Privacy Act claims, and he challenges the conclusion that § 7431 is the exclusive remedy for unlawful disclosure of tax information.

## A.

Section 6103(a) of the I.R.C. states the general rule that tax returns and tax return information are confidential and may not be disclosed by any federal or state officer "except as authorized by this title." Section 7431 creates a federal cause of action for civil damages for unauthorized disclosures of returns and return information in violation of § 6103. Included in the exceptions to the general rule of confidentiality in § 6103(a), however, is an allowance for disclosures for purposes of tax administration:

> (h) Disclosure to certain Federal officers and employees for purposes of tax administration, etc.SS . . .

> (4) Disclosure in judicial and administrative tax proceedings.SSA return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to

**2**

tax administration, but only$SS

(A) if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title.

26 U.S.C. § 6103(h).

Hobbs challenges the dismissal of his § 7431 claims and the determination that the IRS properly disclosed his tax return information in accordance with the "tax administration" exception in § 6103(h)(4). He asserts that this exception is not applicable, because neither the MSPB nor the title VII civil action was "pertaining to tax administration."

"Tax administration" is defined as

(i) the administration, management, con-duct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party, and

(ii) the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions.

26 U.S.C. § 6103(b)(4)(A). The courts that have considered whether certain activities qualify as "tax administration" uniformly have defined the term broadly.[2] And these interpretations seem correct in light of the expansive terms employed by Congress: Tax administration includes "administration, management, conduct, directi on, and supervision." I.R.C. § 6103(b)(4)(A)(i).

In response, the IRS argues that the disclosures of Hobbs's tax return documents in the MSPB and title VII proceedings were "in a Federal or State judicial or administrative proceeding *pertaining to* tax administration." *See* § 6103(h)(4) (emphasis added). The IRS is correct.

There can be little doubt that, like the situation in both *Rueckert* and *Mangan*, Hobbs's own compliance with the federal tax laws was something of key concern to the IRS; his position required him to examine the

---

[2] *See, e.g., Rueckert v. IRS*, 775 F.2d 208, 210-12 (7th Cir. 1985) (holding that ensuring that a state's internal revenue service employees are free from conflicts of interest that could undermine the integrity of the state's tax collection system are "management" and "supervision" under § 6103(b)(4)(A)(1)); *United States v. Mangan*, 575 F.2d 32, 40 (2d Cir. 1978) (approving the admission of federal tax returns under the tax administration exception in criminal proceedings against an IRS agent, even though such proceedings did not involve the determination of tax liability). Inexplicably, Hobbs cites *National Treasury Employees Union v. F.L.R.A.*, 791 F.2d 183 (D.C. Cir. 1986), for the proposition that "it is an established settled principle of law that the term 'tax administration' does *not* include personnel matters." *National Treasury* does not support this proposition. Instead, that case was solely about whether the disclosures made pursuant to § 6103(1)(4)(A) were properly authorized by IRS personnel. The court never discusses "tax administration."

accuracy of corporate and individual tax returns and, in turn, to have a sophisticated understanding of the tax laws. The IRS's decision to terminate him for failure accurately to file his own returns was motivated in large part by the fact that this failure undermined the IRS's confidence in his ability to perform his essential job functions, which unquestionably encompassed tax administration.

When Hobbs then challenged the employment action in subsequent administrative and judicial proceedings, the IRS was required to defend its termination by disclosing the ground for his dismissal. Naturally, this required the IRS to prove that it was Hobbs's improper filing of past tax returns, and not his race or some other factor, that motivated its decision. These disclosures, then, were "pertaining to tax administration."

As a result, the district court did not err in concluding that Hobbs could not maintain a suit under § 7431 for a violation of § 6103(a)'s general rule of confidentiality. The IRS properly disclosed his tax return information under § 6103(h)(4)(A) in defending its employment decision in both the MSPB and title VII civil suits. Accordingly, because those disclosures were authorized, the court also did not err in failing to reach the question whether the disclosures were made in bad faith.[3]

---

[3] Because we do not reach the alternate ground that the IRS argues justifies affirming the summary judgmentSSi.e, that the disclosures also were authorized under § 6103(l)(4) for use in "personnel or claimant representative matters" SSwe also need not reach Hobbs's assertion that the disclosures violated provisions of the Internal Revenue Manual

(continued...)

## B.

Although the majority of the courts that have considered the interaction of § 6103 with the Privacy Act, 5 U.S.C. § 552a, have concluded that § 6103 and § 7431 provide the exclusive remedy for disclosures of tax return information,[4] Hobbs challenges the district court's conclusion that § 7431 is the exclusive remedy and relies on the minority position adopted in *Sinicki v. United States Dep't of Treasury*, No. 97 Civ. 0901 (JSM), 1998 U.S. Dist. LEXIS 2015 (S.D.N.Y. Feb. 24, 1998) (unpublished). In *Sinicki*, the court was unwilling to go as far as other courts and hold that § 6103 amounts to a repeal of the Privacy Act in *all* cases involving unauthorized disclosures of tax return information. Instead, the court held that "Section 6103 should only implicitly repeal the Privacy Act to the extent it presents an irreconcilable conflict." *Id.* at *13.

---

(...continued)
("IRM"). Those IRM provisions relate only to disclosures made pursuant to § 6103(l)(4), and not to disclosures under § 6103(h)(4); consequently, we have no occasion to consider whether they are consistent with, or are trumped by, the I.R.C.

[4] *See, e.g., Lake v. Rubin*, 162 F.3d 113, 115-16 (D.C. Cir. 1998) (holding that § 6103, although not framed as an express exception to the Privacy Act, provides the exclusive statutory route for taxpayers to access their tax records), *cert. denied*, 119 S. Ct. 1465 (1999); *Cheek v. IRS*, 703 F.2d 271, 272 (7th Cir. 1983) (per curiam) (holding that § 6103 is exclusive to both the Privacy Act and the Freedom of Information Act); *Gardner v. United States*, Civ. Ac. No. 96-1467 (EGS), 1999 U.S. Dist. LEXIS 2195, at *16 (D.D.C. Jan. 29, 1999) (opining that "§ 6103 is the exclusive remedy for alleged wrongful disclosures of returns and return information").

Repeals by implication are not favored. *See Jackson v. Stinnett*, 102 F.3d 132, 135 (5th Cir. 1996) (citing cases). "However, courts long ago established an exception to the repeal-by-implication rule: 'Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one.'" *Id.* at 136 (quoting *Posadas v. National City Bank*, 296 U.S. 497, 503 (1936)).[5] This exception apparently was not implicated in *Sinicki*, in which the court concluded that "[t]hus far, Section 6103 has not been shown to be in irreconcilable conflict with the Privacy Act," but the court went on to recognize the possibility of such conflict in future cases. *See Sinicki*, 1998 U.S. Dist. LEXIS 2015, at *10.

Here, on the other hand, there is a present conflict. Although the Privacy Act and § 7431 create damages actions for unauthorized disclosures, only § 6103 provides for a variety of tax-return-specific exceptions to the general confidentiality rule. Thus, if Hobbs were able to maintain a suit under the Privacy Act even where his § 7431 damages action was unsuccessful, this would punish the IRS for disclosing tax return information it was authorized to disclose under the express terms of § 6103. Of course, this conflict becomes apparent only where the disclosures fall under one of the § 6103 exceptions, but here the IRS's disclosure qualified for the "tax administration" exception.

Congress could not have intended the od-

dity that the IRS properly could make a disclosure of tax return information in a judicial or administrative proceeding "pertaining to tax administration" in accordance with § 6103(h)(4), but would be exposed to liability under the more general provisions of the Privacy Act. Consequently, we refuse to subject the IRS to such an absurd result. To the extent that the Privacy Act would recognize a cause of action for unauthorized disclosure of tax return information even where § 6103 would provide an exception for the particular disclosure, § 6103 trumps the Privacy Act.

We draw further support for this conclusion by invoking the principle that "a precisely drawn, detailed statute preempts more general remedies." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 734 (1989) (quoting *Brown v. General Servs. Admin.*, 425 U.S. 820, 834 (1976)). Section 6103 dedicated entirely to confidentiality and disclosure issues related to tax returns and tax return information. It covers approximately thirty-five pages of the United States Code. The Privacy Act, by contrast, prohibits disclosures at a generic level, providing that "[n]o agency shall disclose any record which is contained in a system of records." 5 U.S.C. § 552a(b). It is fair to say, then, that § 6103 is a more detailed statute that should preempt the more general remedies of the Privacy Act, at least where, as here, those remedies are in conflict.[6]

AFFIRMED.

---

[5] *See also United States v. Ardoin*, 19 F.3d 177, 180 (5th Cir. 1994) (noting that "the only permissible justification for repeal by implication is when the earlier and later statutes are irreconcilable").

[6] We have no occasion, however, to consider whether § 6103 operates as an implied repeal of the Privacy Act to the extent that the two provisions are not in conflict.