# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 14, 2005          Decided May 27, 2005

No. 04-5082

LAWRENCE STEPHEN MAXWELL, ET AL.,
APPELLANTS

v.

JOHN W. SNOW, IN HIS OFFICIAL CAPACITY AS SECRETARY OF
THE TREASURY, UNITED STATES DEPARTMENT OF TREASURY,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 00cv01953)
(No. 01cv00246)

———

*Lawrence S. Maxwell*, appearing *pro se*, argued the cause on
his own behalf and was on the joint briefs for appellants. With
him on the joint briefs were *Vasilios S. Lambros* representing 55
legal entities and 507 other *pro se* individuals.

*Laurie Snyder*, Attorney, U.S. Department of Justice,
argued the cause for appellee. With her on the brief were
*Kenneth L. Wainstein*, U.S. Attorney, and *Jonathan S. Cohen*,
Attorney.

Before: SENTELLE, HENDERSON and ROGERS, *Circuit
Judges*.

Opinion for the Court filed by *Circuit Judge* SENTELLE.

SENTELLE, *Circuit Judge*: Appellant Lawrence S. Maxwell and approximately 562 other individuals and entities filed this action in the United States District Court for the District of Columbia seeking, *inter alia*, tax return information and declaratory and injunctive relief. The District Court granted the government's motion to dismiss most of the claims, ruling that Appellants' requests had not complied with Freedom of Information Act ("FOIA") requirements and that the declaratory and injunctive relief prayed was frivolous. Appellants contended that 26 U.S.C. § 6103 provides a basis to request "return information" not subject to FOIA; that their claims for injunctive and declaratory relief were improperly dismissed because there remained unresolved issues of fact; and furthermore, that their claims were not frivolous. For the reasons more fully set forth below, we conclude that the District Court was correct and affirm its dismissal of Appellants' claims.

## I. Background

In June of 2000, Appellant Lawrence S. Maxwell sent a ten-page letter to the National Office of the Internal Revenue Service ("IRS") Disclosure Unit seeking tax-related information for the tax years 1987-2000. He sought disclosure of at least nineteen types of information pertaining to himself including (1) "return information" as described in the Internal Revenue Code, 26 U.S.C. § 6103(b)(2), (2) records showing how his "taxable income" was determined, (3) records showing that he was given notice of a duty to file a tax, (4) records identifying him as an individual subject to taxation, (5) records indicating his citizenship and residency, purportedly because as a citizen and resident of the U.S. he would not be liable for income tax, (6) records showing that he "resided or worked within one of the specified areas of federal jurisdiction of the United States

government," purportedly because only such records would establish federal jurisdiction to tax him, and (7) records indicating the specific code sections showing him liable for a particular tax or requiring him to fill out certain forms. Maxwell cited the provisions of § 6103, relying on this Court's decision in *Lake v. Rubin*, 162 F.3d 113 (D.C. Cir. 1998), a case in which he was a party, for the proposition that "individuals seeking 'return information' . . . must do so pursuant to § 6103 . . . rather than the Privacy Act." *Id.* at 116. The other Appellants sent letters to the IRS that were identical to Maxwell's in all relevant respects. The IRS did not grant or deny the requests, but informed Appellants by letters that their "Freedom of Information/Privacy Act" requests did not comply with the "published procedures for making a request under the Privacy Act," advising them how to cure the error.

FOIA outlines procedures for agencies to make information available to the public under certain conditions. 5 U.S.C. § 552. Subsection (b)(3) provides that information need not be given out when it is specifically exempted from disclosure by another statute ("Exemption 3"). *Id* § 552(b)(3). Section 6103 of the Internal Revenue Code specifically exempts tax returns from disclosure except in specified circumstances. For example, an individual may request inspection of his tax return or "return information," 26 U.S.C. § 6103(e)(1), (7), including

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence,

or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense. . . .

26 U.S.C. § 6103(b)(2)(A). Section 6103 thus "does not supersede FOIA but rather gives rise to an exemption under Exemption 3" and FOIA procedures must still be followed in applying § 6103. *Church of Scientology of California v. IRS*, 792 F.2d 146, 149-50 (D.C. Cir. 1986).

Appellants disputed the IRS requirement that they must follow FOIA or Privacy Act procedures, and filed suit against the Secretary of the Treasury, seeking access to the requested information under § 6103, as well as fees, costs, and money damages. Appellants also requested declarations by the court that, among other things, Appellants are not citizens, that Texas is not a part of the United States, and that the United States itself is unconstitutional because it is not a republican form of government. The United States moved to dismiss the cases, arguing lack of subject matter jurisdiction under § 6103 and that Appellants had failed to make a proper FOIA request to exhaust their administrative remedies. Appellants responded that, under *Lake*, § 6103 provides jurisdiction independent of FOIA.

The District Court, reading *Lake* in the context of *Church of Scientology*, found that while § 6103 may supercede the Privacy Act, it does not supercede the procedural provisions in FOIA. It ruled that, while Appellants had failed to send their requests to the proper local bureau under FOIA, 31 C.F.R. § 1.5(b)(3), that error only tolled the Government's time to respond while the request was transferred to the correct bureau. It also found that the Appellants may have failed to "reasonably describe the records" sought, 31 C.F.R. § 1.5(b)(4), but that the IRS could not simply dismiss the entire request because some of the nineteen requests were incomplete or consisted of "pseudo-

requests" attempting to challenge tax laws rather than seek information. It then reviewed the requests and found all to be overly broad or burdensome with the exception of the portion seeking "return information" as described in 26 U.S.C. § 6103. The District Court thus directed the IRS to process the portion of Appellants' requests for "return information" according to FOIA, granting the motion to dismiss as to the other requests. The other claims for declaratory and injunctive relief were dismissed as frivolous. Appellants filed this present appeal.

## II. Analysis

Where, as here, we are reviewing a ruling on a motion to dismiss, we will "accept as true all facts alleged by the nonmoving party and . . . draw all inferences in favor of the nonmoving party." *Center for Law & Educ. v. Dep't of Educ.*, 396 F.3d 1152, 1157 (D.C. Cir. 2005). Because the District Court did not make any evidentiary findings of its own, we apply this standard *de novo. Helmer v. Doletskaya*, 393 F.3d 201, 204-05 (D.C. Cir. 2004).

### A. Standing of Challenged Appellants

Before addressing the substantive merits of Appellants' claims, we must determine the proper parties to this case. The IRS has moved to dismiss two groups of individuals as Appellants. The first group consists of nineteen Appellants[1]

---

[1]The nineteen challenged Appellants are: Ed Francis Bradley, Ed Francis Bradley II, Ronald Lance Bradley, Roy Claudius Bradley, J.C. Chisum, Adam E. Chudzikiewicz, Edward Chudzikiewicz, Jack E. Fyke, Brenda G. Lacy, Neil T. Lacy, Debra L. LaRue, Steven R. Lutz, Terrence M. McLoughlin, J.J. Miller-Wagenknecht, David M. Shipley, Cherie D. Teeple, Stephen B. Teeple, Petrona A. Williams, and Vernon F. Williams.

who allegedly were not parties to the District Court case because they did not sign the original complaint or either amended complaint. Under Fed. R. Civ. P. 11(a), all pleadings by a *pro se* plaintiff must be signed by the party and, if not, must be stricken unless corrected promptly after being notified of the omission. The IRS moved to dismiss claiming that in this case notification at an earlier time was essentially impossible because of the large number of plaintiffs and the disorganized presentation of names and signatures in the complaint. Appellants did not make a timely response and failed to address the issue in their merits brief although instructed to do so. We therefore will consider this issue conceded for lack of response by Appellants, and dismiss the nineteen challenged Appellants for lack of standing because they were not parties to the appealed proceeding.

The second set of Appellants that the government has moved to dismiss are two individuals, Runar Dean Johnson and Lavina Rae Johnson, who have outstanding sanctions against them in the Ninth Circuit for filing a frivolous appeal on the grounds that the IRS does not legally exist. The sanctions were affirmed by the Ninth Circuit in June of 2003, but the Johnsons have failed to pay them despite repeated requests. Other circuits have dismissed actions and refused to entertain future litigation if sanctions or costs incurred in an earlier proceeding, or in prior actions involving the same parties and the same or similar subject matter, remain unpaid. *See, e.g., Hymes v. United States*, 993 F.2d 701, 702 (9th Cir. 1993); *Christensen v. Ward*, 916 F.2d 1485 (10th Cir. 1990); *Zerman v. Jacobs*, 814 F.2d 107, 109 (2d Cir. 1987); *Stelly v. Commissioner*, 804 F.2d 868, 871-72 (5th Cir. 1986). This rule provides for sanctions against frivolous appeals under FED. R. APP. P. 38 to be made effective and helps protect the courts from abuse. It is uncontested that the Johnsons have incurred and failed to pay these sanctions, and the subject matter of their sanctioned appeal is similar to the

claims in this case. We therefore dismiss Runar Dean Johnson and Lavinia Rae Johnson's appeal because of their failure to pay sanctions for filing a frivolous appeal in a similar matter.

### B. Use of FOIA Procedures for § 6103 Requests

Appellants first challenge the District Court's determination that their requests for "return information" under 26 U.S.C. § 6103 should be processed according to FOIA procedures. They argue that the *Lake* holding made § 6103 the exclusive statutory route to seek this information. They characterize the government's desire to follow FOIA procedures as a "deceptive shell game" in which the IRS throws up successive procedural barriers on shifting and "revisionist" legal theories to avoid answering Appellants' requests. Appellants also claim, without citing any support, that FOIA requirements cannot be applicable to their requests for personal information, but only to requests for public information. All of these arguments fail, for the reasons already articulated by the District Court.

The Appellants misread *Lake* by taking it out of the context of Circuit precedent and therefore their only legal argument is without merit. In 1986 this Court decided *Church of Scientology*, holding that FOIA is intended as an "across-the-board" statute covering all requests for information unless specifically exempted in a later statute. 792 F.2d at 149. Because § 6103 contains no such exemption and has no procedures or rules of its own implying an exception to FOIA, the court held that FOIA procedures apply to § 6103 requests. *Id.* at 149-50. The *Lake* court decided in 1998 that 26 U.S.C. § 6103 was the proper vehicle for requesting information rather than the Privacy Act because 26 U.S.C. § 7852(e) withdrew the power of the federal courts to force the IRS to comply with the Privacy Act. *See Lake*, 162 F.3d at 114. It did not, as Appellants assume, make § 6103 the *exclusive* statute governing

requests for information from the IRS, but only said that § 6103 must be used instead of the Privacy Act.

As the District Court notes, we must read *Lake* and *Church of Scientology* together and not assume with Appellants that *Lake* overruled *Church of Scientology*. In fact, it could not have done so because this Court is bound to follow circuit precedent until it is overruled either by an *en banc* court or the Supreme Court. *Brewster v. Commissioner*, 607 F.2d 1369, 1373 (D.C. Cir. 1979). Nor is it difficult to read these cases in harmony. *Lake* does not speak to whether FOIA requirements should apply to the processing of Appellants' § 6103 requests, so *Church of Scientology* clearly controls this case in requiring FOIA procedures. The District Court was thus correct in holding that FOIA still applies to § 6103 claims.

## C. Dismissal of Frivolous Claims

Appellants finally contend that the District Court erred in dismissing Appellants' requests for injunctive and declaratory relief as frivolous. They maintain that theirs were not simply "tax protest claims" to be dismissed out of hand, and that eighty issues of material fact existed at the time of the motion to dismiss that should have been resolved before dismissal. They give examples of these alleged issues of fact in their brief, including "Whether the federal United States government is a 'corporation'," and, "Whether a *corporation* is a republican form of government" (emphasis in original). These arguments are without merit.

First, the examples of "material facts in dispute" put forth by the Appellants are not issues of fact at all, but issues of law, and do not appear in the amended complaint in this case or elsewhere in the record before this Court. Similarly, the requests for relief denied by the District Court are all patently

frivolous, including requests for declarations that laws passed by Congress do not apply to Maxwell as a "sovereign citizen of the Union State of Texas," that the United States is not a republican form of government and therefore must be abolished as unconstitutional, that the Secretary of the Treasury's jurisdiction is limited to the District of Columbia, that Maxwell is not a citizen of the United States, and so on.

Most of these claims are only relevant to this case based on Appellants' legal theory that the federal government's jurisdiction is limited to the District of Columbia and other federally owned lands by art. I, § 8, cl. 17 of the Constitution. This is a blatant misreading of this clause which does not limit the other constitutional grants of authority to the federal legislature but only limits the places where the federal government has *exclusive* legislative power. The other grants of authority in Article I still hold, including the power to "lay and collect Taxes . . . throughout the United States." U.S. CONST. art. I, § 8, cl. 1. The Sixteenth Amendment further authorizes a direct nonapportioned income tax upon United States citizens throughout the country. *Brushaber v. Union P. R. Co.*, 240 U.S. 1, 12-19 (1916). Both of these powers to tax have long been upheld by the Supreme Court; arguments resting on the assumption that the federal government has no such power are frivolous. Appellants' few remaining claims are based on similar outright misreadings of various federal statutes and constitutional provisions and are likewise frivolous. We thus do not address these and other issues not material to the outcome of this case.

### III. Conclusion

For the reasons given above we dismiss twenty-one Appellants from this appeal, affirm the District Court's holding that FOIA procedures should apply to requests for return information under 26 U.S.C. § 6103, and affirm the District Court's dismissal of all other claims for relief as frivolous. We dismiss all other outstanding motions as moot.