# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 22-5200**

**September Term, 2023**

FILED ON: DECEMBER 28, 2023

WILLIAM EDWARD POWELL,
                APPELLANT

v.

JANET L. YELLEN, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES
DEPARTMENT OF TREASURY, ET AL.,
                APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-02946)

---

Before: HENDERSON, WILKINS, and PAN, *Circuit Judges*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties and court-appointed Amicus. The court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED AND ADJUDGED** that the order of the district court entered on June 30, 2022, be **AFFIRMED**.

\* \* \*

Pro se appellant William Powell has filed a series of lawsuits and nearly 100 requests under the Freedom of Information Act ("FOIA") in a crusade to obtain certain tax records from the Internal Revenue Service ("IRS"). Powell apparently wishes to use the records to investigate possible breaches of fiduciary duty by the trustees who distributed his father's assets after his father's death. *See Powell v. IRS*, 280 F. Supp. 3d 155, 157 (D.D.C. 2017). Powell has received some information from the IRS in previous FOIA and Privacy Act actions. He nevertheless sued the agency in the instant case to obtain additional documents under the Internal Revenue Code, 26 U.S.C. § 6103.

The district court dismissed the case on the ground that it lacked jurisdiction because § 6103 provides no basis to sue for disclosure of records. In Powell's appeal of that ruling, court-appointed Amicus argues that Powell's § 6103 claim is viable through application of the Administrative Procedure Act ("APA"). We disagree. Our precedents establish that FOIA provides an adequate remedy for plaintiffs seeking records from the IRS, and that no cause of action under § 6103 and the APA is available. We therefore affirm the district court's dismissal of Powell's Second Amended Complaint because he failed to state a claim upon which relief can be granted.

Powell filed his Complaint and a First and Second Amended Complaint pro se. He alleged a violation of 26 U.S.C. § 6103 and sought an order requiring the IRS to produce tax records regarding Powell, his deceased relatives, and related entities. Section 6103 prohibits, as a default rule, the disclosure of tax records; but it provides certain exceptions under which disclosure is permitted or required.[1] Counsel for the government emailed Powell to suggest that he amend his Second Amended Complaint to seek relief under FOIA or the Privacy Act, noting that § 6103 does not itself provide a cause of action. Powell declined to follow that suggestion.

The government moved to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction. The district court granted the government's motion, reasoning that it lacked subject-matter jurisdiction because "§ 6103 does not provide an independent cause of action." Amicus App. 6. Powell appealed, and we appointed Amicus to present arguments in support of Powell's position.

As Amicus and the government now agree, the district court erred in concluding that it lacked subject-matter jurisdiction over Powell's suit. Jurisdiction exists under 28 U.S.C. § 1331 because Powell raised a federal question on the face of his Second Amended Complaint. Federal courts have subject-matter jurisdiction under that statute "when a complaint purports to state a claim under federal law, and the right of recovery will be sustained if the law is given one construction, but defeated if given another." *Sacks v. Reynolds Sec., Inc.*, 593 F.2d 1234, 1239 (D.C. Cir. 1978); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case." (emphasis in original)). Here, the Second Amended Complaint invokes 26 U.S.C. § 6103, so we have jurisdiction even if a proper construction of that statute does not entitle Powell to relief. And the Second Amended Complaint seeks to compel agency action that Powell claims is unlawfully withheld, which is a familiar claim under the APA that also supports federal-question jurisdiction. *See* 5 U.S.C. § 706(1).

---

[1] The statute declares that "[r]eturns and return information shall be confidential," and prohibits government employees and certain other individuals with access to such information from disclosing it. 26 U.S.C. § 6103(a). The statute then provides a list of exceptions, pursuant to which the IRS may or must disclose tax records. *Id*. § 6103(c)–(o). One of the exceptions requires disclosure "upon written request," to certain "persons having material interest" in the records. *Id*. § 6103(e).

Nevertheless, we may affirm the dismissal of Powell's complaint on the alternative ground that it failed to state a claim. *See Trudeau v. FTC*, 456 F.3d 178, 180, 187–88 (D.C. Cir. 2006); *Sacks*, 593 F.2d at 1239. We agree with the district court and the government that § 6103 and the APA do not provide a cause of action that is independent of FOIA.

Our holding that Powell failed to state a claim under § 6103 is mandated by *Church of Scientology of California v. IRS*, 792 F.2d 146 (D.C. Cir. 1986), and *Maxwell v. Snow*, 409 F.3d 354 (D.C. Cir. 2005). In *Church of Scientology*, we rejected the argument that § 6103 "totally supersedes FOIA." 792 F.2d at 148. Instead, we concluded that § 6103 operates within FOIA's scheme as part of Exemption 3, which "explicitly accommodates other laws by excluding from [FOIA's] disclosure requirement documents 'specifically exempted from disclosure' by other statutes." *Id.* at 149 (quoting 5 U.S.C. § 552(b)(3)). Because the substantive requirements of § 6103 operate *within* FOIA's scheme, we rejected an argument that an action seeking disclosure of tax records is subject to the APA's "arbitrary and capricious" standard of review. *Id.* at 148–50. We held, instead, that such claims are properly brought under FOIA and are subject to FOIA's *de novo* standard of review.[2] *Id.* We reaffirmed that holding in *Maxwell*, stating: "FOIA still applies to § 6103 claims." 409 F.3d at 358. Because FOIA offers an adequate vehicle to challenge the IRS's failure to disclose tax records, the APA offers no avenue for relief. *See* 5 U.S.C. § 704 (providing a cause of action under the APA only when "there is no other adequate remedy in a court"); *Citizens for Resp. & Ethics in Washington v. DOJ*, 846 F.3d 1235, 1245 (D.C. Cir. 2017) ("[W]e have little doubt that FOIA offers an 'adequate remedy' within the meaning of section 704.").

Amicus's contention that § 6103 and the APA provide Powell with a cause of action ultimately relies on a misreading of *Lake v. Rubin*, 162 F.3d 113 (D.C. Cir. 1998). We held in *Lake* that § 6103 displaces the Privacy Act, but we did not examine how either of those statutes interacts with FOIA. *Id.* at 115–16. Nor are we convinced by Amicus's argument that because Powell seeks *personal* records, the Privacy Act is more relevant than FOIA. In *Maxwell*, we specifically rejected an argument "that FOIA requirements cannot be applicable to [the plaintiffs'] requests for personal information, but only to requests for public information." 409 F.3d at 357.

Powell asserted a claim for records that relied solely on § 6103, even though he is an experienced pro se litigant who is familiar with FOIA and the government suggested he file a FOIA claim. Because Powell chose to proceed under § 6103, he failed to state a claim that entitles him to relief. *See* Fed. R. Civ. P. 12(b)(6); *Sacks*, 593 F.2d at 1239. We therefore affirm the dismissal of his Second Amended Complaint.

\*     \*     \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition

---

[2]     *Church of Scientology* specifically addressed which statute — FOIA or the APA — governed the litigation, not just the agency's internal processes. Amicus's argument to the contrary appears to misunderstand the case.

3

for rehearing or petition for rehearing en banc.  *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Michael C. McGrail
Deputy Clerk